MINNEAPOLIS HARVESTER WORKS, PLAINTIFF IN ERROR, v. IRA HEDGES, DEFENDANT IN ERROR.

1. **Practice:** APPEAL FROM JUSTICE OF THE PEACE. No appeal lies in favor of the defendant from the judgment of a justice of the peace rendered by default. But this is a provision in favor of the plaintiff which may be waived, and will be waived if he treat such appeal as valid, and without objection file the necessary pleadings on his part to make up the issues for a trial on the merits, in the appellate court. It is too late to object on the trial to the validity of the appeal.

2. ———: EVIDENCE. On the testimony, *held*, that the verdict and judgment were not sustained.

ERROR to the district court for Lancaster county. Tried below before POUND, J.

*D. G. Hull and R. D. Stearns*, for plaintiff in error.

*M. H. Sessions*, for defendant in error.

MAXWELL, CH. J.

In the year 1877 the plaintiff recovered two judgments by default against the defendant, before a justice of the peace. The defendant appealed to the district court. In the district court the following stipulation was filed:

| | |
|---|---|
| "Minneapolis Harvester Works<br>v.<br>Ira Hedges.<br><br>Minneapolis Harvester Works<br>v.<br>Ira Hedges. | In Justice's Court.<br>Oct. 10, 1877.<br>Stipulation. |

"It is hereby stipulated and agreed that the above entitled suits be consolidated and entered upon appeal in district court as one case, and tried in district court in and for Lancaster county as one case." The stipulation being signed by the attorneys for the parties.

On the tenth day of December of that year, the plaintiff filed a petition in the district court upon both causes of action, and on the twenty-first of January thereafter, an answer was filed, the verification being waived by the plaintiff's attorney. The cause was tried at the March, 1879, term of the district court, and a verdict returned for the defendant, upon which judgment was rendered. The plaintiff brings the cause into this court by petition in error.

After the jury had been impaneled and sworn, but before the witnesses were sworn, the attorney for the

plaintiff objected to the jurisdiction of the court, in the following manner: "I now make objection to the jurisdiction of the court on the ground that in this cause a default was taken in the court below against the defendant, and he cannot appeal." This objection was overruled, to which the plaintiff excepted, and now assigns the same for error.

In the case of *Clendenning v. Crawford*, 7 Neb., 474, it was held that an appeal would not lie to the district court from the judgment of a justice of the peace taken by default. The party in default must move to set the default aside and have the case tried on the merits. And we adhere to that decision. But this is a mere personal privilege, and may be waived. The court has jurisdiction of the subject matter, and the parties may without objection appear and litigate the matters in controversy, and will be bound by the judgment. It is sometimes said that consent will not confer jurisdiction. This is true of the *subject matter*, but not, as a rule, as to the parties.

In the case of *Kane v. The Union Pacific Railroad*, 5 Neb., 105, the plaintiff, as treasurer of Cheyenne county, had collected illegal fees from the company, which brought an action in Douglas county to recover the same. Kane demurred to the petition upon the ground that the facts stated therein were not sufficient to constitute a cause of action. The demurrer was overruled. Kane thereupon filed an answer alleging that the fees and penalties exacted by him were legal and authorized by law, and that the district court of Douglas county had not jurisdiction of the case. It was held that there having been an appearance and a plea to the merits, there was a waiver of all objection to the jurisdiction. *Fee v. Big Sand Iron Co.*, 13 Ohio State, 563. *Harrington v. Heath*, 15 Ohio, 483.

An appeal means the taking of a cause and its final

determination from one court or tribunal to another. Powell on Appellate Proceedings, sec. 10. When complete, it has the effect to vacate the judgment of the court below and place the case for trial on its merits in the appellate court. If a party objects to such appeal, he must take the necessary steps to have it dismissed. He cannot be permitted to treat the appeal as valid and binding, and without objection file the necessary pleadings on his part to make up the issues in the case, and raise the objection for the first time at the trial. Such conduct is trifling with the court. *Goodrich v. Omaha*, decided at this term. The objection to the jurisdiction was therefore properly overruled.

The action was brought upon two promissory notes, each for the sum of $45 with interest. The notes were made by Hedges in favor of J. L. Spink & Co., and assigned to the plaintiff, which claims as an innocent purchaser. The testimony shows that the firm of Spink & Company was merged in the corporation known as the "Minneapolis Harvester Works," in September, 1876, and all the members of said firm became members of the corporation, which succeeded to the business of the firm and received the notes in question. The plaintiff is not, therefore, in the attitude of a *bona fide* purchaser. The notes were given for a mowing machine, described as a "Meadow Lark Mower," which the defendant alleges in his answer "was warranted by these plaintiffs, and also by J. L. Spink & Co., to this defendant to be a good and perfect machine in every respect, and that the same would do first-class work in cutting grass of all kinds in ordinary places; that the same was constructed of the best material in every respect and particular, and that the workmanship and manufacture of the same was of the most perfect and complete kind that could be made or

had, and that if said mower, upon trial and use, did not answer every particular in the warranty then the defendant had the right and privilege to return the same." This warranty is alleged to·have been verbal, and to have been made by a sub-agent of Spink & Co., and is denied by the plaintiff, which alleges that the only warranty given was in writing and was as follows: "The said James L. Spink & Co. warrants said mower to be of good material, to be well made, and to do first-class work when properly managed. If the purchaser cannot make it perform as represented, he shall give the said James L. Spink & Co., or their agent, immediate notice thereof, who shall have the privilege of adjusting and putting said machine in order, and giving it further trial. If, upon such trial, the machine cannot be made to perform according to the above warranty, the purchaser will lay it aside, store it safely under cover, and re-deliver it, when called for, at the place where received."

The testimony shows conclusively that this was the only warranty authorized to be given, and probably the only one that was in fact given. But if we accept the defendant's theory of the warranty, still there has been an entire failure on his part to comply with its terms. The machine was purchased in June, 1875, and was retained by the defendant until the fall of 1876—until both the sickles or knives were worn nearly out. And from his own testimony and that produced by him, it appears that the machine did good work except in wire grass. His testimony upon that point is as follows:

" He (the agent) warranted the machine one year— good material, everything to be a perfect machine to cut ordinary grass.

Q. If it did not what were you to do?

A. Why, if it did not go it was to be returned. I

told him I would not buy any machine but for cutting hay. I bought it after the season commenced for making hay. I had cut a little before. When it got to the season in August I cut half a day at a time. I cut two half days about. It may be I cut another half day, and it broke the clutch. It was along in August or September, 1875, I think.  *  *  *  *  *

Q. State how it did cut grass before it finally broke?

A. When the grass was green and tender it cut very well; but when there was wire grass, it choked down. I ground it three or four times a day thinking it would cut, but it would not cut *wire* grass, etc.

Taking his own statement, the machine was warranted to cut *ordinary* grass. The complaint against the machine is that it would not cut wire grass, but there is not a particle of proof in the record to show that wire grass is ordinary grass. Taking the entire testimony, it is very clear that the defendant failed to comply with the terms of the warranty as he states it to be, and that the verdict is against the weight of evidence, and is clearly wrong. The judgment of the district court is reversed, and the cause remanded for further proceedings.

REVERSED AND REMANDED.