ANNA M. GOODRICH, PLAINTIFF IN ERROR, v. THE CITY OF OMAHA, DEFENDANT IN ERROR.

Appeal: WAIVER: JURISDICTION. Appeal by plaintiff in error to the district court from the award of damages to her by the appraisers appointed to assess the damages to property holders caused by a change of grade of a street of the city. After a jury was empaneled and sworn, and a witness sworn and examined by appellant, and cross-examined by appellee, appellee moved to dismiss the appeal for the reason that the same was not taken in time. Motion sustained and the appeal dismissed. On error to this court, held, that whatever might have been the right of the appellee, had it moved in time, after allowing the appeal to stand for a year and a half, and participating in the selection of a jury to try the cause and actually entering upon the trial, it was too late to avail itself of such rights, and that to entertain a motion to dismiss for such cause at that stage of the trial was error.

ERROR to the district court for Douglas county. Tried below before SAVAGE, J.

John D. Howe and Thurston & Hall, for plaintiff in error, cited on the subject of waiver, Pickersgill v. Reed,

Goodrich v. City of Omaha.

7 Hun., 636. *Carothers v. Cummings*, 63 Pa. St., 199. *Hoffman v. Dawson*, 11 Pa. St., 280. *Sleck v. King*, 3 Pa. St., 211. *Marks v. Swearingen*, Id., 454. *D. & P. R. R. Co. v. Crittenden*, 5 Ia., 514. *D. & P. R. R. Co. v. Shinn*, 5 Ia., 516. *Wood v. O'Ferrall*, 19 Ohio St., 427. *Kane v. U. P. R. R. Co.*, 5 Neb., 106. *Harrington v. Heath*, 15 Ohio, 483–8. *Fee v. Big S. Co.*, 13 Ohio St., 563. *O'Hagen v. O'Hagen*, 14 Ia., 264. *Danforth v. Thompson*, 34 Ia., 243. *Hottenback v. Hoskins*, 12 Ia., 109. *Bridgman v. Wilcut*, 4 G. Greene, 563. *Wallace v. Corbitt*, 4 Ired. (N. C. L.), 45. *Arrington v. Smith*, 4 Ired., 59. *Matson v. Connelly*, 24 Ills., 142. *Hodson v. McConnel*, 12 Ills., 172. *McCall v. Lesher*. 7 Ills. (2 Gilm.), 46. *Warner v. Whittaker*, 5 Mich., 241. *Steward v. Dixon*, 6 Mich., 391. *Ex parte Ostrander*, 1 Denio, 679.

*Charles F. Manderson*, for defendant in error. The court had no jurisdiction, and there could be no waiver by consent of parties. *Siverburg v. State*, 30 Ark., 39. *The Lucy*, 8 Wall., 307. *Scott v. Sandford*, 19 How., 393. *Oliver v. Harvey*, 5 Oregon, 360. *D. & P. R. R. Co. v. Crittenden*, 5 Ia., 514. *Morrow v. Sullender*, 4 Neb., 375. *Verges v. Roush*, 1 Neb., 113.

COBB, J.

The plaintiff in error appealed to the district court from the award to her by the appraisers appointed to assess the damages to property holders caused by a change of grade on a certain street of the city. Her appeal was entered September 12, and notice thereof served on the mayor September 14, 1878.

On the second day of March, 1880, the cause came on for trial in the district court, both parties being present by their respective attorneys. A jury was called, empaneled, and sworn. A witness was called

by the appellant, sworn, examined by her, and cross-examined by the appellee, whereupon counsel for appellee made a motion to dismiss the appeal, for the reason that the same was not taken within the time limited by statute. Which motion was sustained by the court, and the appeal dismissed.

Upon examining the numerous authorities cited by counsel on either side, I come to the conclusion that, whatever might have been the merits of the motion to dismiss the appeal had the same been interposed in time, after allowing the appeal to stand for a year and a half, participating in the selection of a jury to try the cause, and actually entering upon the trial by cross-examining a witness, the appellee must be deemed to have waived any such objection to the appeal as that upon which the same was dismissed. For aught that appears in this case, the appellee was desirous to have the damages re-assessed by a jury, until after its attorney had heard the testimony of the first and presumably the principal witness on the part of the appellant, and had subjected such witness to the ordeal of a cross-examination. And certainly no one will fail to see the danger of a practice which would allow a party to withhold a motion to dismiss until he has, even in the slightest degree, tested the temper of the court or jury upon the merits of the case, and then bring it forward and oust the court of jurisdiction to finish the work upon which it had entered.

I do not think there is any difficulty on the question of jurisdiction in this case. The district court had jurisdiction of the subject, to try appeals from the award of damages in cases of this kind, and by coming into court and entering upon the trial, the appellee conferred upon the court jurisdiction of its person, even if it be admitted that the appeal was not made within the time limited by the statute. There can be

no doubt, either upon reason or authority, that an appellee may waive any of the limitations or other provisions of the statute made for his benefit or protection. Nor do I think there can be any doubt that he does waive them when they exist, by entering upon a trial in an appeal case upon the merits.

The statute law of Illinois limited the right of appeal from the judgments of circuit and certain county courts to cases where the judgment exceeded the sum of twenty dollars, or where it related to a franchise or freehold. In the case of *Matson et al. v. Connelly*, 24 Ill., 142, cited by counsel for plaintiff in error, the action was trespass and judgment for the plaintiff for *nineteen* dollars. The defendant appealed to the supreme court, and assigned error. The appellant made a technical joinder in error, and afterwards moved to dismiss the appeal. The court, per Judge Sidney Breese, in affirming the judgment, says: "Error having been joined, the motion to dismiss the appeal comes too late. It would have prevailed if made in the first instance, as the judgment does not amount to twenty dollars exclusive of costs, nor does it relate to a franchise or freehold."

The judgment of the district court is reversed, the appeal reinstated, and the cause remanded for further proceedings in accordance with law.

REVERSED AND REMANDED.