STEPHEN W. LEACH, PLAINTIFF IN ERROR, V. EMILY M. SUTPHEN, DEFENDANT IN ERROR.

11 527
17 187
11 527
43 235
11 527
46 858
46 887
11 527
45 87
11 527
49 435
11 527
58 214
11 527
60 707

1. **Forcible Entry and Detention.** An action of forcible entry and detention is not the proper remedy to try questions of title, but merely the right of possession.

2. **Bill of Exceptions.** The provision of section 311 of the code [Comp. Stat., 571] relative to bills of exceptions do not apply to justices of the peace.

3. **Motion for New Trial.** A motion for a new trial is unnecessary in cases brought to the district court on error from the justice of the peace, where no re-trial of the issues of fact is to be had.

ERROR to the district court for Washington county. Tried below before SAVAGE, J.

*Bullard & Walton*, for plaintiff in error.

*L. W. Osborn*, for defendant in error.

BY THE COURT.

This is an action for forcible entry and detention, tried before a justice of the peace in Washington county. A judgment for the possession of the premises was rendered in favor of the defendant herein, which was affirmed by the district court. The errors assigned in this court are, in substance, that the judgment is against the weight of the evidence.

It appears from the evidence that at the May term, 1860, of the district court of Washington county, one Bartlett Brown obtained a judgment against the plaintiff in error for the sum of $188.00 and costs, and that an execution was issued on said judgment and levied upon the real estate in controversy, which was sold to said Brown; that the sale was thereafter confirmed and a deed made to the purchaser; that Brown there-

upon conveyed to one Samuel Baker, who conveyed to the defendant, and she and those under whom she claims have paid all the taxes due on the premises, and that the plaintiff had occupied the premises since February, 1879.

The plaintiff introduced in evidence a patent from the United States for the premises in question, which was issued prior to the recovery of the judgment. He also offered to introduce evidence tending to impeach the judgment, which was excluded. This testimony was properly excluded. The action of forcible entry and detainer is not the proper remedy to try questions of title, but merely the right of possession. Here the defendant was shown to have a continuous paper title from 1861 to the time of trial, and possession until the plaintiff entered forcibly upon the premises. This was sufficient to entitle her to recover in this action, and there is no testimony in the record that would justify a judgment in favor of the plaintiff. The judgment must therefore be affirmed.

The defendant objects that the bill of exceptions signed by the justice was not submitted to her or her attorney before being signed. It is the duty of the justice to make up a correct bill of exceptions and sign the same when so required, but the provisions of sections 311 of the code of civil procedure as amended (Comp. Stat., 571) do not apply to justices of the peace.

Objection is also made that no motion for a new trial was made in the district court. This is unnecessary except in cases where questions of fact are tried and determined, and as the judgment of the justice was affirmed, there was no trial of questions of fact, and no motion was necessary. The judgment is affirmed.

JUDGMENT AFFIRMED.