*John D. Howe,* for the respondent.

---

PHILIP ASCH, PLAINTIFF IN ERROR, V. SAMUEL WILEY, DEFENDANT IN ERROR.

1. **Appeal:** APPROVAL OF BOND. Where an appeal is sought to be taken from the judgment of a county judge, and appellant files his appeal bond in the proper amount, with two sureties, within the time required by law, the acceptance of such bond

by the county judge and spreading it upon the docket is a sufficient approval of the bond, unless the party desiring to take the appeal is notified of the fact that the county judge refuses to approve the bond and sureties.

2. ——: PRACTICE: WAIVER. Where such a bond is filed, and afterward, and before the transcript is filed in the district court, the appellant procures additional and satisfactory sureties, if the transcript is filed in the district court in the proper time, and both parties appear and by agreement the time for filing the petition by the appellee is extended beyond the time fixed by law for filing the same, the appellee cannot remain silent until he is in default for want of a petition and then dismiss the appeal because the bond was not filed with the county judge within the time required by law.

ERROR to the district court for Stanton county. Tried below before BARNES, J.

*Brome & Durland,* for plaintiff in error, cited:. *Irwin v. Bank of Bellefontaine,* 6 Ohio State, 81. *Creighton v. Harden,* 10 Ohio State, 579. *Robinson v. Chadwick,* 22 Ohio State, 527. *Watts v. Shewell,* 31 Ohio State, 331. *O'Dea v. Washington Co.,* 3 Neb., 118. *Casey v. Peebles,* 13 Neb., 7.

*John A. Ehrhardt,* for defendant in error, cited: *Strang v. Keith,* 1 Oregon, 312. *Cockrill v. Owens,* 10 Mo., 287. *Adams v. Wilson,* Id., 341. *Covell v. Mosely,* 15 Mich., 515.

REESE, J.

The only question presented in this case is as to whether the district court erred in sustaining a motion to dismiss the appeal from the judgment of the county court.

The cause was tried in the county court of Stanton county, on the fifteenth day of February, 1882, and judgment rendered in favor of the plaintiff in the cause. On the twenty-fifth day of February, 1882, the defendant in

that court filed his appeal bond with two sureties. The filing of the bond is recited in the docket of the county judge, as follows: "And now, on this twenty-fifth day of February, 1882, comes the defendant and files the following bond for an appeal before me, Joseph Johnson, county judge of Stanton county, Nebraska." The bond is then copied in the docket, and is followed by this endorsement: "Executed in my presence and signed as above, but not approved, this twenty-fifth day of February, 1883." On the back of the bond is the following endorsement: "This bond was signed by Thomas Kingston on the twelfth day of May, and was then approved by me. Joseph Johnson, county judge."

The transcript was filed in the district court on the first day of the following term, which was on the twenty-sixth day of September, 1882, and on that day the parties appeared, and the plaintiff was allowed sixty days in which to file his petition. The defendant was allowed thirty days thereafter in which to answer, and the cause was continued, as shown by the journal of the court.

The plaintiff failed to file his petition within the time allowed by the court, but on the twelfth day of the following December filed a motion to dismiss the appeal, for the reason that the defendant failed to file the undertaking within the time provided by law. The motion was sustained and the appeal dismissed. In this we think the district court erred. The record shows that an appeal bond, in proper form, with two sureties, was presented to the county judge within the time required by law for taking the appeal; that it was accepted by him, filed, and spread upon his docket. If the bond did not comply with the requirements of the law it was the duty of the county judge to refuse to receive it and notify the party seeking to take the appeal of the fact, in order that he might at once procure the necessary sureties. There is nothing in the record to show that he had any notice of the action of the county

judge until the twelfth of May, when he procured the additional signer.

There is another reason why the motion should have been overruled. If the defendant in error, plaintiff below, intended to make any objection to the manner in which the appeal was taken, he should have done so before any other action was taken in the cause. The record shows his appearance in the cause in the district court, that he procured an extension of time beyond that fixed by statute in which to file his petition, that the time thus fixed by the court was allowed to expire, and while he was in default for want of a petition he filed the motion to dismiss. This was too late.

In *Goodrich v. The City of Omaha*, 11 Neb., 207, COBB, J., in writing the opinion, quotes with approval from the case of *Matson v. Connelly*, 24 Ill., where it is said: "Error having been joined, the motion to dismiss the appeal comes too late. It would have prevailed if made at the first instance, as the judgment does not amount to twenty dollars."

The judgment of the district court is reversed, the appeal reinstated, and the cause remanded for further proceedings in accordance with law.

REVERSED AND REMANDED.

THE other judges concur.