## J. A. McDONALD, *Interpleader*, *in the Action of J. A. Cooper & Co. v. Weeks & Robinson and Chas. Weeks.*

NEW TRIAL, *Petition and Motion for; Error.* Where a petition is filed to set aside the verdict of the jury and judgment of the court, and for a new trial, and afterward there is filed an application for a new trial, which application is filed after the term at which the verdict is rendered, and too late to be considered by the court, and upon the hearing of the petition and motion, against the objection of the opposing party, evidence is presented in support of the petition and motion together, and the court refuses to hear the cases separately, and in rendering the judgment granting a new trial disposes of both questions together, and it is impossible to tell whether the court rendered its judgment upon the petition or upon the motion for a new trial, the proceedings are erroneous, and must be reversed.

### *Error from Rooks District Court.*

ACTION by *J. A. Cooper & Co.* against Weeks & Robinson and Charles Weeks, on a promissory note. In said action plaintiffs obtained an order of attachment which was levied on a certain stock of goods as the property of Weeks & Robinson. *J. A. McDonald,* claiming the ownership and possession of the goods attached, filed an interplea, to which plaintiffs filed a general denial. Trial of the action between plaintiffs and the interpleader at the September Term, 1882, when the jury found for the interpleader, and assessed the value of the goods in controversy at $2,166, and the damages sustained by him at $200. Motion to set aside the verdict and for a new trial, overruled, and judgment for *McDonald* in accordance

with the verdict, less $100 of the damages remitted by the interpleader. March 8, 1883, the plaintiffs filed a petition, and afterward an amended petition, to set aside the foregoing judgment and verdict, and for a new trial. The interpleader filed a demurrer thereto, which the court overruled. At the March Term, 1883, during the hearing on the foregoing petition, the record states that the following proceedings were had, to wit:

"The plaintiffs filed a motion in this case to set aside the judgment of the court in the case of J. A. Cooper & Co. v. Weeks & Robinson and Chas. Weeks, and J. A. McDonald, interpleader, and such motion was taken up for hearing with the petition of plaintiffs for vacating the judgment, and setting aside the verdict and for a new trial, over the objections and exceptions of interpleader, J. A. McDonald. The testimony on the petition to vacate the verdict of the jury and for a new trial, also on the motion to vacate the judgment and to dissolve the attachment, was all introduced by the respective parties before any arguments were made by the attorneys upon either, and before the decision of the court upon either question. The interpleader, J. A. McDonald, by his attorneys, asked the court to hear said causes separately, and decide one before either of the other two was taken up. The court decided that all the three questions should be submitted, and that afterward it would take them under advisement, and decide them separately. To the refusal of the court to decide one of the questions before the trial of either of the other two, the defendant excepted. Afterward the arguments were made upon each of the motions and petition separately and distinct from each other, and were decided by the court."

The record further recites that—

"On the 23d of March, 1883, this cause came on to be heard by the court, a jury being waived, the court considering said petition and motion together. And after the introduction of evidence in support of each and the argument of counsel, and the court being fully advised in the premises, and after due consideration and deliberation, it is by the court ordered and adjudged that said judgment heretofore rendered by this court in this case as between these plaintiffs and said interpleader be vacated, and that the verdict of the jury heretofore rendered in this cause between these plaintiffs and said inter-

pleader be set aside, and that each be held for naught, and that a new trial of the issues between these plaintiffs and said interpleader be granted these plaintiffs. To all of which, said interpleader then and there by his attorneys duly excepted."

*McDonald* brings the case to this court.

*W. H. Barnes*, and *M. C. Reville*, for plaintiff in error.

*Hays & Finn*, and *C. W. Smith*, for J. A. Cooper & Co.

The opinion of the court was delivered by

Horton, C. J.: This case must be reversed, and a new trial granted upon the amended petition filed by J. A. Cooper & Co. to set aside the verdict of the jury and the judgment of the court rendered against them on September 9, 1882, for errors of the court in its disposition of said petition, and the motion for a new trial filed March 13, 1883. The motion for a new trial was filed too late, and therefore the objections to it should have been sustained. (Code, §§ 308, 309.) There was no showing made that the parties filing the motion were unavoidably prevented from filing the same within three days after the rendition of the judgment. In addition to this, it appears from the record that the testimony on the petition to vacate the verdict of the jury and for a new trial, also on the motion to vacate the judgment and to dissolve the attachment, was all introduced by the respective parties before any arguments were made by the attorneys and before the decision of the court upon either question. Although J. A. McDonald asked the court to hear the cases separately, the court refused to hear them separately, but decided that all these questions should be submitted, and that afterward it would take them under advisement and decide them separately.

In the rendition of the judgment, however, the petition to vacate the verdict of the jury and for a new trial, and also the motion to vacate the judgment, seem to have been disposed of together, and it is impossible to tell whether the court rendered its judgment, that the verdict of the jury, in the case of J. A. Cooper & Co. against J. A. McDonald, should be set aside, and a new trial granted upon the amended petition, or upon

the motion for a new trial. If the judgment was rendered upon the motion, it was wholly erroneous, and as we cannot say from the record whether the evidence offered in support of the petition or the evidence in support of the motion was controlling, and as the court committed error in considering the motion and receiving any evidence thereunder, the case must be retried.

For aught that appears, the court may have denied the relief granted on the petition, and yet vacated the judgment on the motion. The petition charged that there was misconduct on the part of the jury in considering and arriving at the verdict, and especially in arriving at the amount of damages returned. It is unnecessary to comment upon this, as the evidence is very conflicting, and not clear or conclusive. The law upon this matter is fully stated in *Bailey v. Beck*, 21 Kas. 462, and upon another trial the evidence will doubtless be more satisfactory. No motion for a new trial is necessary to obtain a review of the proceedings of the trial court in its disposition of the motion to vacate the judgment. The interpleader was entitled to have a judgment rendered expressly upon the petition before filing a motion for a new trial, if a motion for a new trial under the circumstances was necessary.

The judgment will be reversed, and the cause remanded for a new trial.

VALENTINE, C. J., concurring.

HURD, J., not sitting in the case.