OWEN SLAVEN, PLAINTIFF IN ERROR, V. MEYER HELLMAN, DEFENDANT IN ERROR.

1. Appeal From Justice of Peace: TRANSCRIPT. Where an appeal is taken from the judgment of a justice of the peace to the district court, the appellant or his agent must deliver a transcript of the proceedings to the clerk of the court to which the appeal may be taken within thirty days next following the rendition of the judgment.

2. ——: ——: JUDGMENT. If the appellant fail to deliver the transcript to the clerk within thirty days next following the rendition of judgment, the appellee may, at the first term of the court after the expiration of thirty days, file a transcript of the proceedings and have the cause placed on the docket; and the court is authorized on his application either to enter up a judgment in his favor similar to that entered by the justice, or with his consent dismiss the appeal.

3. ——: ——: ——. If the appellant desire to vacate the judgment of the district court and for leave to answer or other relief, he must apply to that court. Otherwise he cannot allege error in the failure to try the cause.

ERROR to the district court for Douglas county. Tried below before HOPEWELL, J.

*Congdon, Clarkson & Hunt*, for plaintiff in error, cited: *Bazzo v. Wallace*, 16 Neb., 292.

*George F. Wittum*, for defendant in error, cited: *Torbet v. Coffin*, 6 Ohio, 33. *Wasson v. Heffner*, 13 Ohio State, 573.

MAXWELL, J.

On the 21st of July, 1887, the defendant in error brought an action against the plaintiff, before a justice of the peace of Douglas county, to recover the sum of $39 and interest. The cause was set for hearing July 26, 1887,

at 1 o'clock P.M., at which time and for one hour thereaf-
ter the plaintiff in error failed to appear, whereupon the
justice having heard the testimony offered by the defendant
in error, rendered judgment as prayed in the bill of particu-
lars. The plaintiff in error, on the 3d day of August there-
after, filed an undertaking for an appeal to the district court,
which was duly approved by the justice. The appellant
failed to file a transcript of the proceedings in the district
court within 30 days next after the rendition of the judg-
ment. The defendant in error thereupon filed a motion to
dismiss the appeal. This motion was afterwards with-
drawn, and on motion of the defendant in error a judg-
ment was entered as follows: "This day came the said
plaintiffs and produced to the court a transcript of the pro-
ceedings and judgment of Gustave Anderson, a justice of
the peace in and for Douglas county, in this action, from
which it appears that on the 26th day of July, 1887, a
judgment was rendered by said justice in favor of these
plaintiffs and against this defendant for the sum of $59.05
and $8.50 costs of suit, from which judgment the said de-
fendant appealed. And it appearing to the court that the
appellant has failed to deliver said transcript and proceed-
ings to the clerk of this court and cause his appeal to be
docketed within the time required by law, and the said M.
Hellman & Co. now here electing to have judgment en-
tered in this court, it is therefore considered by the court
that the said M. Hellman & Co. recover from the said Owen
Slaven the sum of $59.05, the judgment, and $8.50, costs
of suit, as aforesaid, with interest from the 26th day of July,
1887, together with their costs in this court expended,
taxed at $......, and execution is awarded therefor."

Section 1008 provides: "That the said justice shall
make out a certified transcript of his proceedings, includ-
ing the undertaking taken for such appeal, and shall, on
demand, deliver the same to the appellant or his agent,
who shall deliver the same to the clerk of the court to

which such appeal may be taken, within thirty days next following the rendition of such judgment," etc.

Section 1011 authorizes the appellee, in case the appellant fails to file a transcript within thirty days, to file a transcript and have the cause placed on the docket; and the court is authorized either to enter up judgment in favor of the appellee, or with the consent of the appellee may dismiss the appeal. The court, therefore, in rendering judgment in this case, acted within the powers conferred by the statute, and the judgment is valid. If the appellant desired to vacate the judgment and file an answer, or sought other relief, or to try the cause, he should have applied to the district court, but the record fails to show that he made such application.

So far as appears the plaintiff has no defense to the action. He permitted a judgment to be taken against him by default before the justice, and so far as appears would make no defense in the district court, so that if a new trial was granted the same judgment with additional costs and interest would be rendered. There is no error in the record, and the judgment is affirmed.

JUDGMENT AFFIRMED.

THE other judges concur.