JAMES STEVEN V. NEBRASKA & IOWA INS. CO.

[FILED MARCH 19, 1890.]

1. **Justice's Court: DEFAULT: JUDGMENT.**    A defendant in an action pending before a justice of the peace appeared on the return day of the summons and filed a motion to require the

plaintiff to give security for costs, also an affidavit for continuance. Thereupon the cause was continued to a subsequent date. At which time the defendant again appeared, filed an answer, and caused subpœnas to be issued for his witnesses, which were served. The trial was by agreement of parties adjourned for ten days. On the day to which the trial was last adjourned the defendant did not appear and judgment was rendered against him. The defendant appealed to the district court, where, upon motion of the plaintiff, the appeal was dismissed because the judgment was rendered in the absence of the defendant. *Held*, Error.

2. ———: APPEAL: TIME: GENERAL APPEARANCE. An appeal was taken from the judgment of a justice of the peace to the district court, but the transcript of the proceedings was filed with the clerk of that court thirty-one days after the rendition of the judgment. The appellee made a general appearance in the district court, when the cause was continued by the agreement of the parties. *Held*, That the general appearance of the appellee conferred upon the district court jurisdiction.

ERROR to the district court for Buffalo county. Tried below before HAMER, J.

*L. P. Main,* for plaintiff in error.

*Moore & Jones, contra.*

NORVAL, J.

This action was brought by the defendant in error against the plaintiff in error before a justice of the peace of Buffalo county. The case was set for hearing December 7, 1887, at which time both parties appeared, the plaintiff by its attorney and the defendant in person and by attorney. The defendant filed a motion to compel the plaintiff to give security for costs, which motion was sustained and plaintiff entered into bond for costs. On the same day the defendant filed an application for a continuance and the trial was postponed to January 6, 1888. The defendant caused subpœnas to be issued for his witnesses, which were served. January 6, 1888, the cause was continued by consent of the

parties until January 10, when the trial was again adjourned on the application of the plaintiff until January 13. On the last named date the defendant filed an answer and by agreement of parties the hearing was set for January 23, at 9 o'clock A. M. On the 23d day of January 1888, at 9 o'clock A. M., the defendant in the action failing to appear and plaintiff appearing by its attorney, judgment by default was rendered against the defendant for $74.25 and costs. An appeal bond was filed on the 31st day of the same month by the defendant. A transcript of the proceedings was filed in the district court on the 23d day of February, 1888. At the May term, 1888, of the district court the case was continued by agreement of parties. On the 5th day of June, 1889, the plaintiff in the action before the justice of the peace filed its motion to dismiss the appeal because the judgment was rendered against the defendant by default. Afterwards, on the 15th day of June, the plaintiff filed another motion to dismiss the appeal for the reason that the transcript was not filed within thirty days after the rendition of the judgment, as required by law. The motion was sustained and the appeal dismissed.

It is impossible to tell from the record before us upon which motion the order of the district court dismissing the appeal was founded, hence it becomes necessary to determine whether either motion was sufficient under the facts of this case to authorize the dismissal of the appeal. The first motion to dismiss clearly was not well taken. The judgment was not rendered in the "absence" of the defendant. True the defendant did not appear on the day of trial, but he did appear on the return day of summons, filed a motion to require the plaintiff to give security for the costs, and an application for a continuance. Subpœnas for witnesses were issued at the request of defendant, which were served, and several continuances were had before the justice upon the agreement of parties. Under the numerous decisions of this court the defendant had the right

to appeal. (*Strine v. Kaufman,* 12 Neb., 423; *Raymond v. Strine,* 14 Id., 236; *Baier v. Humpall,* 16 Id., 127; *Crippen et al. v. Church,* 17 Id., 304; *Smith v. Borden,* 22 Id., 487; *Western Mutual Benev. Association v. Pace,* 23 Id., 494; *Howard Bros. v. Jay,* 25 Id., 279.)

The transcript was not filed in the district court within thirty days next following the rendition of the judgment, as required by section 1011 of the Civil Code. Had there been no general appearance of the appellee the district court would not have acquired jurisdiction. (*Slaven v. Hellman,* 24 Neb., 646; *Converse Cattle Co. v. Campbell et al.,* 25 Id., 37.

The record, however, discloses that the defendant in error made a general appearance in the case, for, at the first term of the district court after the filing of the transcript the cause was continued by agreement of the parties until the next term. It was more than a year after the filing of the transcript before the motion to dismiss the appeal was interposed. The district court has jurisdiction of the subject-matter of the action, and by the defendant in error appearing in court and agreeing to a continuance of the cause it conferred upon that court jurisdiction of its person. The defendant in error having entered a general appearance in the case in the district court, it cannot be heard to complain because the transcript was not filed with the clerk of that court within the statutory time. (*Goodrich v. City of Omaha,* 11 Neb., 204; *Bazzo v. Wallace,* 16 Id., 290.)

It follows that the district court erred in dismissing the appeal. The judgment of the district court is reversed, the appeal reinstated and the cause remanded for further proceedings in accordance with law.

JUDGMENT ACCORDINGLY.

THE other judges concur.