C. A. CLAFLIN v. AMERICAN NATIONAL BANK OF OMAHA ET AL.

FILED JANUARY 22, 1896. No. 5884.

1. **Review**: OBJECTION TO JUDGMENT. To obtain a review of a judgment of the district court dismissing an appeal taken from an inferior court no exception is necessary.

2. **Dismissal**: REVIEW: MOTION FOR NEW TRIAL. A ruling of the district court dismissing an appeal may be reviewed without a motion for a new trial.

3. **Appeal**: APPEARANCE IN APPELLATE COURT. When an appeal from a justice of the peace to the district court is taken in the time prescribed by law, and both parties appear in the appellate court and without objection file pleadings, and the cause is noticed for trial, it is then too late for the appellee to object to the validity of the appeal.

4. ———: PARTIES. One of several defendants, having separate and distinct defenses, may prosecute an appeal from a justice of the peace to the district court without joining his co-defendants. *Polk v. Covell*, 43 Neb., 884, followed.

5. ———: ———. When the interests of several defendants are inseparably connected, an appeal by one defendant brings up the entire case. (*Polk v. Covell, supra.*)

ERROR from the district court of Douglas county. Tried below before KEYSOR, J.

*A. C. Troup,* for plaintiff in error.

*Will H. Thompson, contra:*

A motion for a new trial is necessary to obtain a review of a case on error to the supreme court. (*Harrington v. Latta,* 23 Neb., 98; *Yates v. Kinney,* 25 Neb., 122; *Miller v. Antelope County,* 35 Neb , 237; *Ecklund v. Willis,* 42 Neb., 737.)

NORVAL, J.

This suit was instituted before a justice of the peace by the American National Bank of Omaha, one of the defendants in error, against the Omaha Coffin Manufacturing Company, C. A. Claflin, and S. L. Andrews, to recover the sum of $150 and interest upon a promissory note, of which the following is a copy:

"$150.    OMAHA, NEB., July 13, 1891.

"Ninety day's after date we promise to pay to the American National Bank, or order, one hundred and fifty $\frac{00}{100}$ dollars, for value received, payable at Union National Bank, Omaha, Nebraska, with interest at the rate of ten per cent per annum from maturity until paid.    Payable

OMAHA COFFIN MFG. Co.
"C. A. CLAFLIN, *Pres.*
"S. L. ANDREWS, *Sec'y.*"

Personal service of the summons was had upon the defendants, except Andrews, who was not found in the county, and did not appear in the action.    Upon the trial a judgment for the face of the note and interest was rendered in favor of the bank, and against both the Omaha Coffin Manufacturing Company and Claflin.    Within ten days thereafter, Claflin, for the purpose of prosecuting an appeal from said judgment, filed with the justice an appeal undertaking in the sum of $320, which was more than double the amount of the judgment and costs, and said

bond and surety thereon were duly approved. Subsequently, and within the time prescribed by statute, a transcript of the proceedings and judgment was filed in the district court, and the appeal was docketed therein. Several months thereafter, and after pleadings had been filed by both parties and issues had been joined, the plaintiff filed a motion to dismiss the appeal, alleging as grounds therefor:

" 1. There is a defect of parties on said appeal.

" 2. In the court below a joint judgment was rendered against the Omaha Coffin Manufacturing Company and C. A. Claflin, and that said C. A. Claflin only signed the appeal bond herein, and that said C. A. Claflin only is a party to said appeal."

This motion was sustained by the court, and the appeal dismissed. Thereafter, and during the same term, a motion to reinstate the appeal was overruled. Claflin has prosecuted a petition in error to this court, making all the other parties to the action defendants in error, and alleging that there was error in said proceedings: "(1) In sustaining the motion to dismiss the appeal, and (2) in refusing to reinstate said appeal."

It is argued by counsel for the bank that the order dismissing the appeal cannot here be reviewed, since no motion for a new trial was presented to the court below, and no exception was taken to the decision at the time it was made. No exception is necessary to a final judgment, in order to lay the foundation for its reversal. The order of dismissal being a final judgment, an exception was unnecessary. (*Morrow v. Sullender*, 4 Neb., 374; *Black v. Winterstein*, 6 Neb., 224; *Parrat v. Neligh*, 7 Neb., 459; *Jones v. Null*, 9 Neb., 254; *Welton v. Beltezore*, 17 Neb., 399; *Cheney v. Wagner*, 30 Neb., 262.)

Several decisions of this court are cited to the point that a motion for a new trial is indispensable to a review of a cause in this court on error. It is undoubtedly true that

rulings which properly form the basis, grounds, or causes for a new trial are not available as error in the appellate tribunal unless assigned in a motion for a new trial; and this is as far as the cases cited by counsel for defendants in error go. Rulings which do not pertain to the trial in such a sense as to make them assignable as causes for a new trial, such as rulings upon demurrers, motions addressed to pleadings, and motions to dismiss, need not be called to the attention of the trial court by motion for a new trial, to make them available in error proceedings. This is the well settled doctrine of this court. (*Newlove v. Woodward*, 9 Neb., 502; *Leach v. Sutphen*, 11 Neb., 527; *Hays v. Mercier*, 22 Neb., 656; *O'Donohue v. Hendrix*, 13 Neb., 255; *Graves v. Scoville*, 17 Neb., 593; *Bohanan v. State*, 15 Neb., 209.)

The appellee's motion to dismiss was made too late to raise objection that the appeal was not properly taken. It appears from the record that after the transcript was filed in the court below appellee filed its petition alleging a cause of action against all of the defendants; that Claflin presented a motion to make the petition more definite and certain, which was overruled; that he then demurred to the petition, and on its being overruled, he filed an answer, which plaintiff moved to strike from the files, and that afterwards plaintiff noticed the cause for trial. It was several months subsequent to the docketing of the appeal, and after all the foregoing proceedings were had in the district court, that the motion to dismiss was filed. It was then too late to object to the validity of the appeal, or to defects or irregularities therein. (*Minneapolis Harvester Works v. Hedges*, 11 Neb., 46; *Goodrich v. City of Omaha*, 11 Neb., 204; *Asch v. Wiley*, 16 Neb., 41; *Steven v. Nebraska & Iowa Ins. Co.*, 29 Neb., 189.) Moreover, the appeal was properly taken. There was no defect of parties. The filing of the appeal bond by Claflin alone was sufficient to bring up for review the entire case. The precise point

was passed upon, and that too adversely to the contention of the bank, in the opinion of the present chief justice, after a review of the authorities bearing upon the question, in *Polk v. Covell*, 43 Neb., 884. For the reasons stated, the judgment of the district court must be reversed, the appeal reinstated, and the cause remanded to the district court for further proceedings.

REVERSED AND REMANDED.