LOUIS SLOBODISKY V. CARA E. CURTIS, INTERVENER.

FILED MARCH 8, 1899.   No. 10340.

1. **Review:** JURISDICTION OF SUPREME COURT. The filing of a petition in error in the supreme court is alone insufficient to invest jurisdiction. It is indispensable to jurisdiction that there should be filed with the petition in error, and within the time fixed by statute, a transcript of the proceedings of the district court containing the final judgment sought to be reviewed.

2. ————: ERROR: ABANDONMENT OF APPEAL. Where a party files a petition in error within the time limited by the law for the prosecution of error proceeding, he thereby abandons the appeal which he had previously docketed in the case.

3. ————: MOTION FOR NEW TRIAL: DISMISSAL. The mere failure to file a motion for a new trial in the court below is not of itself sufficient reason for dismissing a petition in error by the supreme court.

4. ————: ————: ORDER ON CLERK OF COURT. The ruling of the district court on a motion to require its clerk to pay out moneys in his hands may be reviewed, although there was made no motion for a new trial.

5. **Equitable Assignment.** An order drawn on a particular fund creates an equitable assignment thereof, although not accepted by the drawee.

ERROR from the district court of Douglas county. Tried below before DICKINSON, J. Heard on motion to dismiss petition in error and on merits of the case. *Motion overruled. Judgment below affirmed.*

*Byron G. Burbank*, for plaintiff in error.

*George W. Doane* and *W. G. Doane*, contra.

NORVAL, J.

A submission herein was first taken on the motion of Cara E. Curtis, intervener, to dismiss the petition in error, which was overruled without the filing of an opinion, and the cause has been submitted on the merits. We will first consider the questions presented by the motion to dismiss.

The first ground of the motion is that Louis Slobodisky filed in June, 1898, a petition in error in this court upon the same record, and containing the same assignments of error, and that he subsequently voluntarily dismissed the same. The former error proceeding was not a bar, for the reason that it was not prosecuted upon the record herein filed. In fact no transcript of the record accompanied, or was filed with, the first petition in error; therefore, this court never acquired jurisdiction over the subject-matter. This is the plain and obvious import of section 586 of the Code of Civil Procedure, which declares: "The plaintiff in error shall file with his petition a transcript of the proceedings containing the final judgment or order sought to be reversed, vacated, or modified." Of this section, in *Garneau v. Omaha Printing Co.,* 42 Neb. 847, it was said: "It is clear, under the foregoing provision, that a cause cannot be docketed in this court, either on appeal or error, until a transcript of the proceedings in the trial court is filed. The transcript of the record is the foundation of the proceeding here, and until the same is filed this court acquires no jurisdiction to hear and determine the cause. Until then there is no case to review." This decision is in line with the prior and subsequent adjudications of this court on the subject. (*City of Brownville v. Middleton,* 1 Neb. 10; *Ward v. Urmson,* 40 Neb. 695; *Baker v. Kloster,* 41 Neb. 890; *Dane County Bank v. Garrett,* 48 Neb. 916; *Wachsmuth v. Orient Ins. Co.,* 49 Neb. 590; *Brockman Commission Co. v. Sang,* 52 Neb. 506.)

The second ground of the motion is equally untenable as the one just noticed. It is based upon the fact that the present cause was docketed as an appeal. It is claimed that the appeal is still pending and undetermined, and that a party cannot prosecute both error and appeal from the same judgment at the same time. The appeal is not pending. Before the final submission of the case, and within the time limited by law for prosecuting an error proceeding, the present petition in error was filed, which constituted an abandonment of the appeal

and an election to proceed in error. (*Burke v. Cunningham*, 42 Neb. 645; *Woodard v. Baird*, 43 Neb. 310; *Monroe v. Reid*, 46 Neb. 316; *Beatrice Paper Co. v. Beloit Iron Works*, 46 Neb. 900; *Shaw v. Robinson*, 50 Neb. 403; *Chicago, B. & Q. R. Co. v. Cass County*, 51 Neb. 369; *Thomas v. Churchill*, 48 Neb. 266; *Childerson v. Childerson*, 47 Neb. 162.)

The third and last ground of the motion to dismiss is that no application for a new trial was filed in the court below. The omission in that respect is no valid cause for dismissing the error proceeding. (*Chency v. Wagner*, 30 Neb. 262; *Gaughran v. Crosby*, 33 Neb. 33; *Erck v. Omaha Nat. Bank*, 43 Neb. 613.) The reason for the rule is that a motion for a new trial is not in every case indispensable to a review in the appellate court. There are many cases in which one or more questions are raised by the record independent of a motion for a new trial.

Now as to the merits of the controversy. Louis Slobodisky brought an action against the Phœnix Insurance Company of Brooklyn on a policy of fire insurance of $2,000. Under a specific instruction of the district court a verdict was returned against the plaintiff, who prosecuted error from the judgment entered thereon dismissing his action. On review this court rendered a judgment of reversal and remanded the cause for a new trial. After the mandate was filed in the court below the action was settled, the insurance company paying the clerk of that court, for the use and benefit of Slobodisky, the sum of $2,700 and the costs. Thereupon Cara E. Curtis filed in said court a claim for a lien upon said moneys for the sum of $610.66, by virtue of a certain lease upon lot 8, block 38, in the city of Omaha, and recorded in the office of the register of deeds of said county, wherein is reserved a lien upon the property of Slobodisky, from which the fund in controversy was derived, to secure the payment of rent on said real estate of Curtis; also by virtue of an assignment made by Slobodisky to secure unpaid rents out of the moneys in dispute. Notice of the

lien was served upon Slobodisky, and Cara E. Curtis also filed the motion asking the court for an order directing the clerk to pay her the sum of $610.66 from the moneys of Slobodisky in his hands. A hearing was had upon said motion, and the order sought was granted. The correctness of that decision is assailed by Slobodisky.

Counsel for Miss Curtis, the intervener, insists that we are precluded from reviewing the order for which error is prosecuted, since no motion for a new trial was filed in the court below. It has been often asserted by this court that a motion for a new trial is essential to a review of alleged errors occurring upon a trial of a cause. By this it is not meant that a motion for a new trial must be made in the court below to entitle a party to review any case by petition in error, although language in some of our opinions is seemingly in conflict with this statement. The motion is indispensable where a review of alleged errors and rulings occurring during the trial is sought, but the rule has not been extended to every order or decision. Thus it has been held that no motion for a new trial is necessary to review an order sustaining a demurrer to a pleading (*Hays v. Mercier*, 22 Neb. 656; *O'Donohue v. Hendrix*, 13 Neb. 255; *Scarborough v. Myrick*, 47 Neb. 794), a decision on a motion to vacate an award (*Graves v. Scoville*, 17 Neb. 593), a ruling on a plea in abatement (*Bohanan v. State*, 15 Neb. 209), a judgment affirming or reversing in an error proceeding the decision of an inferior court or tribunal (*Newlove v. Woodward*, 9 Neb. 502; *Leach v. Sutphen*, 11 Neb. 527; *Dryfus v. Moline, Milburn & Stoddard Co.*, 43 Neb. 233; *Weitz v. Wood Reaping & Mowing Machine Co.*, 49 Neb. 434), or an order dismissing an appeal (*Claflin v. American Nat. Bank*, 46 Neb. 884). While the precise question of practice now under consideration has never been passed upon by this court, the principle which should control the decision thereof is not new to the jurisprudence of this state, but has been frequently recognized and applied. In many cases we have considered the rulings of the district court on motions for

change of venue and for continuances where the order was not assigned for error in the motion for a new trial, and times almost without number this court has reviewed decisions upon applications to discharge attachments and to set aside the sales of real estate in the absence of a motion for a new trial. In *Claflin v. American Nat. Bank*, 46 Neb. 884, it was said: "It is undoubtedly true that rulings which properly form the basis, grounds, or causes for a new trial are not available as errors in the appellate tribunal unless assigned in a motion for a new trial; and this is as far as the cases cited by counsel for defendant in error go. Rulings which do not pertain to the trial in such a sense as to make them assignable as causes for a new trial, such as rulings upon demurrers, motions addressed to pleadings, and motions to dismiss, need not be called to the attention of the trial court by a motion for a new trial, to make them available in error proceedings." This principle should be applied and extended to the case at bar. No motion for a new trial was essential to review the order directing the clerk of the district court to pay out moneys held by him for the use of one of the parties litigant. The statute does not contemplate that an application for a new trial should be made to the court below to entitle the appellate court to pass upon the order from which error is prosecuted.

The statute of the state of California relating to the subject of new trials is substantially the same as our own; and in *Harper v. Hildreth*, 99 Cal. 270, the court observed: "A new trial is defined by section 656 of the Code of Civil Procedure to be 'a re-examination of an issue of fact in the same court, after a trial and decision;' and this issue of fact is defined by section 590 of the Code of Civil Procedure to be that arising upon the pleadings. There is no authority in the Code for the new trial of a motion, but if after the decision of the motion it is desired to present any new facts for the consideration of the court, the proper practice is to ask for leave to renew the motion. If it is desired to review the action of the court upon an

appeal, it is sufficient to present the order in connection with a bill of exceptions containing the matter upon which the court based its action. A motion which does not ask for a decision upon an issue of fact that arises upon the pleadings is not the subject of a new trial, and it needs little reflection to see that if every motion which is made in the courts on a trial, or with reference to an action, could be followed by a motion for a new trial of such motion, the case itself would be inextricably involved in the determination of these motions, and the final judgment in the action indefinitely postponed." This doctrine is sound. A motion for a new trial is not necessary to save the ruling of the trial court on motions. (*Parker v. Waugh*, 34 Mo. 340; *Bruce v. Vogel*, 38 Mo. 100; *McDonald v. Cooper*, 32 Kan. 61; *Deere v. Eagle Mfg. Co.*, 49 Neb. 385.)

The record discloses that on March 1, 1889, Cara E. Curtis leased in writing to Slobodisky lot 8, block 38, in the city of Omaha, for a period of twenty years from and after said date, at the annual rental for the first five years of the term of $400, payable monthly in advance. The lease provided for a revaluation at the expiration of each five years as a basis for ascertaining the amount of rent, conditioned, however, that the annual rent should not be less than $400. The lease also provided that the lessor should pay all taxes, general as well as special, upon the lot and the buildings and improvements thereon, or which should thereafter be erected or placed thereon. It was also stipulated that the lessee, as security for the rents and the performance of the agreements contained in the lease, should erect and complete on said premises, without mechanics' liens, a dwelling-house, which, with other improvements, should be insured in some company approved by the lessor, all policies to be drawn requiring loss to be paid to the lessor as security for the payment of ground rent, taxes, insurance, and all other dues for which provision was made in the lease. The right was reserved to Slobodisky to determine the lease at the end

of any five-year period at his option.  It was further pro-
vided that "the whole amount of ground rent reserved
and agreed to be paid for said above described premises,
and each and every installment thereof, and all delin-
quent taxes, duties, assessments, and insurance,  *  *  *  .
with interest thereon at ten per cent per annum after
due, shall be, and is hereby declared to be, a valid and
first lien upon any and all buildings and improvements
on said premises, or that may at any time be erected or
put on said premises by said lessee, and upon the rents
thereon, and upon his interest in this lease and the prem-
ises hereby demised."  The other provisions of the lease
need not be mentioned.  Slobodisky entered into posses-
sion of the lot under the lease, and erected a dwelling
thereon 40 feet wide by 60 feet long, with an ell 16 feet
in width and 30 feet in length, all three stories in height.
This building was covered by the policy of insurance.
made the basis of the original action.  The building, dur-
ing the life of the policy, was injured or destroyed by fire,
and the $2,700 already mentioned was paid to the clerk
of the court below in settlement of the damages.  On
April 6, 1893, Slobodisky gave an order on the insurance
company for $450, as payment of ground rent, which was
not accepted by the latter.  It is under and by virtue of
this order, and the provisions and stipulations contained
in the lease, that Curtis claims a lien on the funds, or
money, paid by the insurance company into court.  The
order in question was given subsequent to the fire, and
being by its terms payable out of the moneys due on the
policy, constituted an equitable assignment of the amount
of the fund specified in the order, although the order was
never accepted by the insurance company.  (2 Am. &
Eng. Ency. Law [2d ed.] 1059; *Schollmier v. Schoendelen*,
78 Ia. 426; *Nesmith v. Drum*, 8 W. & S. [Pa.] 9; *Tripp v.
Brownell*, 12 Cush. [Mass.] 376; *Foss v. Lowell Five Cents
Savings Bank*, 111 Mass. 287.)  The amount collected by
this order, with interest thereon, represents the exact
sum which the court below directed its clerk to pay Miss
Curtis,

It is strenuously insisted by counsel for Slobodisky, that Miss Curtis took possession of the demised premises and converted to her own use improvements placed thereon by him and of a value largely in excess of the fund in dispute. It is uncontradicted that she conveyed the lot, or her interest therein, to J. Ralston Grant, and this transfer is relied upon as constituting the act of conversion. Prior to the execution of such conveyance a mechanic's lien against the property was filed, a decree of foreclosure thereof had been entered against Slobodisky, and his interest in the premises had been sold thereunder to satisfy such lien. It is true the sale had not then been confirmed, but was subsequently approved, and a deed ordered to the purchaser, which wiped out all of Slobodisky's interest in the property from the date of the sale, since the confirmation related back to that time. Moreover, the evidence adduced on the hearing tended strongly to prove that plaintiff had forfeited the lease and the improvements by violating the terms of the lease and by abandoning the demised premises. The district court rightfully refused to permit Slobodisky to set off against the fund in controversy the damages he claimed to have sustained by reason of the alleged conversion of the improvements. The order is

AFFIRMED.