MARY D. LYDICK, APPELLEE, v. HENRY ROLFS, APPELLANT.

FILED JULY 11, 1914. No. 17,798.

Justice of the Peace: APPEAL: OBJECTIONS: WAIVER. ''When an appeal from a justice of the peace to the district court is taken in the time prescribed by law, and both parties appear in the appellate court and without objection file pleadings, and the cause is noticed for trial, it is then too late for the appellee to object to the validity of the appeal.'' *Claflin v. American Nat. Bank,* 46 Neb. 884.

APPEAL from the district court for Cedar county: GUY T. GRAVES, JUDGE. *Reversed.*

*R. J. Millard,* for appellant.

*Wilbur F. Bryant, contra.*

LETTON, J.

This suit was begun before a justice of the peace. Plaintiff recovered judgment, and defendant appealed to the district court. On July 9, 1910, the defendant filed in the justice court an instrument purporting to be an appeal bond, but which was defective in form and substance. On July 14, 1910, defendant filed the transcript in the district court. On August 11, 1910, the plaintiff filed his petition therein, and on March 11, 1911, the defendant filed his answer. On the 17th of November, 1911, the case was assigned for trial as the first civil case for trial at the next regular term of the district court. On March 9, 1912, the plaintiff filed a motion to dismiss the appeal for the reason that the appeal bond was insufficient. After this motion was filed, and before it was ruled upon, the defendant offered in open court to give an additional bond, which offer was overruled, and the court sustained the motion to dismiss.

Defendant contends that the motion to dismiss the appeal came too late, and that he should have been allowed to give the additional bond. Plaintiff's position is that there was no error in refusing defendant's request, because the instrument was not sufficient to constitute a bond, and because it had never been approved. While these objections may have been good, if taken in time, it will be observed that plaintiff voluntarily appeared in the district court and filed his petition; that an issue was subsequently made up by the filing of defendant's answer, and the cause was set for trial; and that not until several months afterwards did the plaintiff file the motion to dismiss the appeal.

The motion was filed too late. It was not filed until more than a year after the plaintiff had appeared in the district

court and had filed his petition, and nearly four months after the case had been assigned for trial. The third paragraph of the syllabus in *Claflin v. American Nat. Bank,* 46 Neb. 884, is as follows: "When an appeal from a justice of the peace to the district court is taken in the time prescribed by law, and both parties appear in the appellate court and without objection file pleadings, and the cause is noticed for trial, it is then too late for the appellee to object to the validity of the appeal." The same principle is announced in *Minneapolis Harvester Works v. Hedges,* 11 Neb. 46; *Goodrich v. City of Omaha,* 11 Neb. 204; *Asch v. Wiley,* 16 Neb. 41; *Steven v. Nebraska & Iowa Ins. Co.,* 29 Neb. 187. We are content to adhere to the rule announced in these cases.

The judgment of the district court is therefore reversed and cause remanded for further proceedings.

REVERSED.