Huffman Automobile Co. v. Moline Plow Co.

---

W. L. HUFFMAN AUTOMOBILE COMPANY, APPELLANT, V. MOLINE PLOW COMPANY ET AL., APPELLEES.

FILED MAY 15, 1923. No. 22397.

1. **Appeal:** MOTION FOR NEW TRIAL. The filing of a motion for a new trial is unnecessary to obtain a review in this court of a judgment dismissing a cause before any evidence is taken for the reason that

the petition does not state facts sufficient to constitute a cause of action. *Horton v. State,* 60 Neb. 701.

2. ———: ———: Transcript: Time. In such a case, the filing of a motion for a new trial in the district court is improper, and is of no avail to extend the time within which a transcript of the judgment must be filed in this court in order to confer jurisdiction upon it to review the judgment of dismissal.

3. ———: ———: Review. A judgment of dismissal for the reason that the petition does not state a cause of action was rendered in the district court on June 8, 1921. No evidence was adduced and no issue of fact submitted. A motion for a new trial was filed, and was overruled on July 5, 1921. The præcipe on file recites that this appeal is taken from a judgment rendered on the 5th day of July, 1921. A transcript was filed in this court less than three months from the overruling of the motion, but nearly four months from the judgment of dismissal. *Held,* that the filing of a motion for a new trial was not proper and was useless in such a case; that this court never acquired jurisdiction to review the judgment of dismissal; that it did acquire jurisdicton to review the order of the district court overruling the motion for a new trial, and that such motion was properly overruled.

APPEAL from the district court for Douglas county: L. B. DAY, JUDGE. *Appeal dismissed.*

*John O. Yeiser* and *John O. Yeiser, Jr.,* for appellant.

*Nolan & Woodland* and *Stout, Rose, Wells & Martin,* contra.

Heard before MORRISSEY, C. J., LETTON, ROSE and DEAN, JJ., BEGLEY, District Judge.

LETTON, J.

A judgment of dismissal was rendered in this case on June 8, 1921. A transcript and præcipe for appeal were filed in this court on October 3, 1921, nearly four months after the judgment. A motion for a new trial was filed in the district court on June 10 and overruled on July 5, 1921. The præcipe on appeal recites: "This appeal is from a judgment rendered in the district court of Douglas county, Nebraska, on the 5th day of July, 1921." There is no bill of exceptions. The record shows that a jury was impaneled, and the opening statements

Huffman Automobile Co. v. Moline Plow Co.

of counsel made. Defendants then objected to the introduction of evidence. The court sustained the objections, "for the reason that the petition of plaintiff does not state a cause of action." The jury was discharged, and the action dismissed. A motion for a new trial was filed June 10, alleging that the court erred in sustaining the motion of each defendant to direct a verdict, and that the court erred in dismissing the plaintiff's petition. Since no verdict was directed, the first two grounds fail, so that the sole error alleged is that the court erred in dismissing the plaintiff's petition.

Section 8825, Comp. St. 1922, defines "new trial" as follows: "A new trial is a reexamination in the same court of an issue of fact after a verdict by a jury, report of a referee, or a decision by the court."

In *Horton v. State*, 60 Neb. 701, paragraphs 6 and 7 of the syllabus are as follows:

"6. A motion for a new trial is proper only where there has been a trial of an issue of fact on the pleadings.

"7. A final judgment based upon a pleading defective in substance may be reviewed without a motion for a new trial having been filed and ruled upon."

In that case a peremptory writ of mandamus was allowed by the district court against a corporation and its officers, without notice to the respondents, and in their absence. Counsel for the relators contended that the judgment was not subject to review because the errors committed were not brought to the notice of the district court by a motion for a new trial. The court say: "Upon this point it is, we think, sufficient to say that there was no trial or semblance of a trial. The petition, which, in the absence of an alternative writ, must be regarded as a pleading, was considered and held to state facts sufficient to entitle the relators to the relief demanded. The question decided was one of law and not of fact. A motion for a new trial is proper only where there has been a trial of an issue of fact on the pleadings."

In *Claflin v. American Nat. Bank,* 46 Neb. 884, it is

said: "Rulings which do not pertain to the trial in such a sense as to make them assignable as causes for a new trial, such as rulings upon demurrers, *motions addressed to pleadings,* and motions to dismiss, need not be called to the attention of the trial court by motion for a new trial."

In *Bennett v. Otto,* 68 Neb. 652, where the question involved was to be decided by the record, the court say: "Here there was a mere examination of the record presented, and a motion for a new trial could have alleged nothing except that the court erred in deciding the matter incorrectly upon the record."

In *First Nat. Bank v. Sutton Mercantile Co.,* 77 Neb. 596, the third paragraph of the syllabus is: "Where a judgment at law is rendered on the pleadings alone, a motion for a new trial is not necessary to obtain a review in this court." In the same case it is said: "A new trial is a reexamination in the same court of an issue of fact after a verdict by a jury, report of a referee, or a decision by the court (Code, sec. 314) ; and a motion for a new trial is a motion for such reexamination. The judgment was rendered without an examination of any of the issues of fact, consequently there could be no reexamination of any such issues, and it would be absurd to hold that the defendant was required to ask what the court could not possibly grant. *Bannard v. Duncan,* 65 Neb. 179. The judgment involved a mere construction of the pleadings, and in such a case no motion for a new trial is required in order to obtain a review in this court. *Scarborough v. Myrick,* 47 Neb. 794; *Hays v. Mercier,* 22 Neb. 656; *Claflin v. American Nat. Bank,* 46 Neb. 884."

To the same effect are *Slobodisky v. Curtis,* 58 Neb. 211; *Walker v. Burtless,* 82 Neb. 214; *Anderson v. Union Stock Yards Co.,* 84 Neb. 305; *Fairbanks, Morse & Co. x. Austin,* 96 Neb. 139. The courts of California, Kansas, Indiana, and Oklahoma hold to the same effect. *Morange v. Morris,* 32 Barb. (N. Y.) 650; *Dodge City Water-Supply Co. v. City of Dodge City,* 55 Kan. 60. The pro-

.cedure in the latter case was identical with that of the case at bar, except that the motion for a new trial was stricken from the files at the succeeding term of the trial court upon the ground that the motion was improper and unauthorized. *Werley v. Huntington Water-Works Co.,* 138 Ind. 148; *Wagner v. Atchison, T. & S. F. R. Co.,* 73 Kan. 283; *Russell v. First Nat. Bank,* 65 Ia. 242; *Doorley v. Buford & George Mfg. Co.,* 5 Okla. 594.

In view of this long-settled rule, the motion for a new trial could not extend the time for taking an appeal from the judgment. There having been no trial of an issue of fact, but only a ruling upon the sufficiency of the petition, there could be no "new trial" as defined in the statute.

According to the præcipe, this appeal is only taken from the judgment, or order, of July 5, 1921, overruling the motion for a new trial. The transcript was filed in time to appeal from this order. The motion for a new trial might properly have been stricken from the files by the district court, but to overrule it could not be prejudicial. The transcript was not filed in this court for nearly a month after the time for taking an appeal from the judgment of dismissal, and this court therefore never acquired jurisdiction to review the same. The judgment of the district court overruling the motion for a new trial is affirmed. The appeal from the judgment of dismissal is dismissed for want of jurisdiction.

APPEAL DISMISSED.