WILLIAM H. REED, PLAINTIFF IN ERROR, V. PHILANDER E. BEARDSLEY, DEFENDANT IN ERROR.

1. **Pleading**: AMENDMENT OF. When on a trial of an action commenced against the members of a partnership, as such, it is discovered that the transaction was really with a single member of the firm in his individual capacity, the court may permit an amended petition to be filed changing the title and form of the action accordingly.

2. **Declarations of Agent**: WHEN INADMISSIBLE. A trustee holding the legal title to land merely for convenience of transfer in case of sale, and who deeded it to a vendee by direction of the owner by whom the sale was made, cannot bind the vendor by declarations respecting the consideration. A conversation had between the vendee and such trustee concerning the consideration, in the absence of the vendor, is not admissible in evidence against him.

3. **Agreement to Exchange Lands**: MEASURE OF DAMAGES ON A FAILURE TO PERFORM. On an agreement to exchange lands, if one of the parties performs the contract on his part by conveying, and the other neglects to do so, and finally puts it out of his power to perform, the true measure of damages is the value of the property conveyed.

4. **Practice**: INSTRUCTIONS TO JURY. If an instruction be requested, abstractly correct, bu' not based upo the evidence, it may be rejected.

ERROR to the district court for Lancaster county. Tried below before POUND, J., and a jury. Verdict against Reed for $850. Judgment. Motion for a new trial overruled. Exceptions, and cause brought up by petition in error. The facts are sufficiently stated in the opinion.

*N. S. Scott*, for plaintiff in error.

1. The court could not lawfully permit the amendment in this action. *Lake v. Morse*, 11 Ill., 587. *Locke v. Daugherty*, 43 Penn. State, 88. *Burr v. Ross*, 19 Ark., 250. *Peck v. Sill*, 3 Conn., 157. *Atkinson v. Clapp*, 1 Wend., N. Y., 71.

2. The court should have instructed the jury to find whether or not the plaintiff agreed to receive other land in exchange for the land conveyed to the defendant. *Hill v. Hobart*, 16 Me., 164.

3. The court should have allowed the jury to determine the amount of damage the defendant sustained in consequence of the plaintiff's breach of contract, and set off the amount in the action.

4. The contract for the exchange of land to the plaintiff was so far executed as to render it valid and binding upon the plaintiff. *Harris v. Knickerbocker*, 5 Wend., N. Y., 638. *Phillips v. Thompson*, 1 Johnson Ch., N. Y., 131. *Parkhurst v. Van Courtland*, Id., 274.

5. The measure of damages for the breach of contract to exchange land is the difference in the value of the premises agreed to be exchanged. *Fagen v. Davison*, 2 Duer., N. Y., 153.

6. The recovery in this action should not have been for the unpaid price of the land sold by the plaintiff, but for the value of the land agreed to be conveyed. *Rutan v. Hopper*, 29 N. J. [5 Dutch], 112.

*Lamb, Billingsley & Lambertson*, for defendant in error.

1. The court did not err in allowing the amendment. Laws of 1875, 35. *Bonsteel v. Vanderbilt*, 21 Barbour, 26. *Mann v. Marsh*, 35 Barb., 70. *Lamkin v. Chisom*, 10 Ohio State, 451. *Hinkle v. Davenport*, 38 Iowa, 355. *Getty v. Spaulding*, 1 Hun. (N. Y.), 115. *Dixon v. Dixon*, 19 Iowa, 512.

Reed v. Beardsley.

2. There was no error committed by the court in instructing the jury that the sale by plaintiff in error of the West Mills property, and all interest he ever had in the same, was a waiver of the right to convey land to defendant in error in payment of defendant in error's claim. If there was an agreement to convey land in payment, there must be either an actual conveyance or a tender of conveyance, and the tender kept good.

3. The measure of damage is the value of the land sold and conveyed by defendant in error to plaintiff in error. *Bassett v. Bassett*, 55 Maine, 127. *Eaton v. Redick*, 1 Neb., 309. *Hurd v. Deemy*, 16 Ill., 492. *Newcomb v. Brackett*, 16 Mass., 162. Brown on Statute of Frauds, sec. 118.

LAKE, CH. J.

I. The action in the court below was commenced against the plaintiff in error jointly with Eugene Reed and Lucius F. Reed, as members of the firm of Reed Bro's. Issue being joined the case proceeded to tr'al, when it was discovered that the transaction constituting the subject of the complaint was not had with the partnership, but with William H. Reed alone. The court, on motion, permitted an amended petition to be filed, conforming to this view of the case, upon which issue was joined, and the case tried. The allowing of this amendment is the first ground of error to be noticed.

This amendment was clearly within the discretion of the court, and was properly allowed. Section 144 of the code of civil procedure covers a case of this kind. By it the court is authorized: "Either before or after judgment, in furtherance of justice, * * * * to amend any process, pleading, or proceeding *by striking out the name of any party*, or by correcting a mistake in the name of the party, or by inserting other allegations

material to the case," etc.   A discretion of wider range could hardly be given to the court, and, in this instance, certainly, the manner of its exercise shows no ground for complaint.

II.   The object of the action was the recovery of a balance of the consideration alleged to be due from the plaintiff in error for the sale of a farm.   The answer admits the conveyance of the farm, but alleges that the agreed consideration, in addition to the payment of an incumbrance of about $350, concerning which there is no dispute, was his agreement to purchase, for the defendant in error, an undivided one-third part of about five acres of land in Seward county, known as the "West Mills property," in which the plaintiff in error already owned an interest, and which they were to improve and operate together.

Although it is denied by the reply, there is some testimony tending to prove that the defendant in error was to take an interest in the West Mills property in exchange for his farm, but whether it was to have been a one-third, or a one-half interest, it is impossible from the testimony to determine.   The plaintiff in error swears it was a one-third, while the defendant is equally positive that it was a one-half interest.   The defendant denies most positively that he was under any obligation whatever to take the mill property, and, in the conflicting state of the testimony, it is quite uncertain whether he was or not.

However, from the fact that when the plaintiff in error received the conveyance of the farm he did not own the interest in the West Mills property, which he says he was to give in exchange, and that, when a long time afterwards, he obtained the title, he took it in his own name, and at no time offered or showed the least disposition to transfer it to the defendant in error, and has finally put it out of his power to do so by conveying the

entire property to another person, it would certainly seem either that such was not the agreement, or that his right to so pay for the farm was voluntarily abandoned.

As the case stood before the jury, even if we give the fullest credit to the plaintiff's testimony, he was in the attitude of having obtained from the defendant a farm worth at least twelve hundred dollars, for which he had paid only about $350, leaving the balance, together with quite an amount of interest, wholly unprovided for. If the balance of the consideration were payable, as he asserts in his answer, and he expected to insist upon that mode of payment, he should have evinced a disposition, to hand it over instead of first neglecting and finally putting it out of his power to do so. The objection that the verdict is not supported by the evidence cannot be sustained.

III. At the time of the conveyance of the farm, and for awhile before, the title was in Joseph Beardsley, a brother of the defendant, it having been placed there merely for convenience of transfer in case of sale. It is assigned as one of the grounds of error that the court excluded from the jury a conversation that took place between the plaintiff and Joseph Beardsley when he executed the deed in regard to the consideration for which it was made. This conversation was clearly inadmissible. Joseph was not the agent of the defendant in error in making the contract of sale; he was merely the trustee, with no power but the single one of holding the legal title, and of transferring it to whomsoever his brother should direct. Under these circumstances there is no rule by which his declarations, in the defendant's absence, respecting the consideration which the vendee was to pay, would be admissible. It was not error to exclude this testimony.

IV. It is also claimed that the court erred in one of

the instructions given to the jury. This instruction was in substance that although it was the agreement that Reed was to pay in part for the farm by conveying to Beardsley an interest in the West Mills property, yet if he had put it out of his power to do so by a sale and conveyance to another, he was liable for the price at which the farm was put into the trade, less the amount which he had paid to remove the incumbrance.

In a case like this the true measure of damages is the value of the property conveyed: therefore the instruction was not technically correct. But, under the testimony, the plaintiff in error has no reason to complain. There was testimony to show that the farm was put in at $1,200, and there was not a syllable to show that its actual value was less than that. Indeed, there was no testimony by which the jury would have been justified in reducing the damages below the amount which they returned. The only cause for complaint is with the defendant, in not being allowed interest on the $850, to which he was clearly entitled; but he does not complain. *Bassett v. Bassett*, 55 Me., 127.

V. It is claimed further that there was error in the refusal of the court to give two instructions requested for the plaintiff. We think that these requests, although abstractly correct, were based upon an entire misconception of the effect of the testimony. It was not shown that Beardsley had given notice that he would not accept a deed of the mill property. Neither was there any disposition shown on the part of the plaintiff at any time to convey it to him, but on the contrary, after acquiring control of the property, he treated it as his own until finally he conveyed it to a stranger. Of these facts there was no dispute. The two instructions were rightly refused. For these reasons the judgment of the court below must be affirmed.

JUDGMENT AFFIRMED.