## PATRICK S. REAL v. PETER HONEY.

### FILED MARCH 6, 1894.    No. 5201.

1. **Names of Parties:** AMENDMENT OF PLEADINGS. Where a
plaintiff to an action is designated in the pleading and process
by the initials of his Christian name, it is not error for the court
to allow him to amend by inserting his full Christian name.

2. **Dismissal:** NAMES: PLEADING: AMENDMENT. An action
should not be dismissed because the plaintiff's full first name is
omitted from the title of the cause, until an opportunity has
been given the party to correct the defect by amendment.

3. **Bill of Exceptions:** AUTHORITY OF JUSTICE OF PEACE TO
SIGN: APPEAL: REVIEW. The statute confers no authority
upon a justice of the peace to sign a bill of exceptions in an
action tried before him without a jury, nor can the evidence ad-
duced in such a case be reviewed in the district court on petition
in error, for the purpose of determining whether it is sufficient
to sustain the judgment.

4. **Taxation of Costs:** REVIEW: MOTION. In order to review
the question of taxation of costs, a motion to retax the costs
must be made in the trial court, and a ruling obtained thereon
by that court.

ERROR from the district court of Fillmore county. Tried
below before MORRIS, J.

The facts are stated in the opinion.

*Charles H. Sloan*, for plaintiff in error:

The motion of defendant to dismiss the case for want of
a proper party plaintiff was properly overruled by the
justice. (*Burlington & M. R. R. Co. v. Dick*, 7 Neb., 246.)

The taxation of costs is not a judicial action, in the
proper sense of the term, but is ministerial; and without a
motion to retax, which would call into action the judicial
power, the taxation cannot be reviewed upon error. (*Ross
v. Harper*, 99 Mass., 175; *Barnes v. Smith*, 104 Mass.,

363; *Abbott v. Matthews,* 26 Mich., 176; *Stricker v. Holtz,*
50 Ia., 291; *Woods v. Colfax County,* 10 Neb., 556; *Co-
zine v. Hatch,* 17 Neb., 606; *Whittall v. Cressman,* 18
Neb., 511; *Wilkinson v. Carter,* 22 Neb., 189; *Jacobs v.
Morrow,* 21 Neb., 239; *Linton v. Housh,* 4 Kan., 541;
·*Hoagland v. Van Etten,* 31 Neb.; 292.)

*E. E. Hairgrove* and *Ong & Jensen, contra.*

NORVAL, C. J.

This was an action brought by the plaintiff in error in
the name of P. S. Real `against the defendant in error be-
·fore a justice of the peace, claiming in his bill of particu-
lars a judgment for $15.   On the return day of the sum-·
mons, by consent of parties, the trial was postponed until
a subsequent date, it, at the time, being agreed that the de-
fendant should not thereby waive any right which he
might have to object to the jurisdiction of the court.   On
the day to which the action was adjourned, the defendant
filed a motion objecting to the jurisdiction of the justice,
for the reason "that there is no proper plaintiff to said
cause, in that said Real, alleged plaintiff herein, has not
commenced this action in his proper name as provided by
section 23 of the Code of Civil Procedure," and praying
that the suit be dismissed.   The motion was denied, and
thereupon plaintiff asked permission to amend the title
of the cause by inserting his Christian name in full,
which request was granted by the justice, and the title was
accordingly amended to read " Patrick S. Real v. Peter
Honey."   The defendant then filed a bill of particulars
denying that he was indebted to the plaintiff in any sum,
and pleading a set-off in the sum of $32.50, for which
amount he prayed judgment against the plaintiff.   A trial
was had to the justice, a jury being waived, who found
that there was due the plaintiff from the defendant the sum
of $2.50, and that there was due the defendant on his set-

off a like sum of $2.50. A judgment of dismissal was entered, and one-half the costs were taxed to each party.

The defendant prosecuted error to the district court, alleging in his petition the following grounds for reversal of the judgment:

1. The overruling of the motion to dismiss for want of proper party plaintiff.

2. In finding that the defendant was indebted to the plaintiff in the sum of $2.50.

3. In taxing one-half of the costs to the defendant.

Upon the hearing the district court sustained each of the assignments of error, reversed the judgment, and ordered that the case be retained in that court for trial. Plaintiff in error excepted, and brings the case here on error.

The first question is, whether the justice erred in refusing to dismiss the case because the plaintiff sued by the initial letters of his Christian name. We think not. Ordinarily, the full Christian names of the parties to a suit must be given. An exception to the rule is where the action is brought upon a promissory note or other written instrument, and the party thereto is designated by the initials or some contraction of his Christian name. In which case, under section 23 of the Code of Civil Procedure, it is sufficient to use the initials or contraction of the Christian or first name of the party. But this is not an action upon a written instrument, therefore plaintiff's first name should have been given in full in the summons and the papers in the case. This defect, however, was cured by the justice permitting an amendment to be made by inserting the full Christian name of the plaintiff.

Section 144 of the Code provides that "the court may, either before or after judgment, in furtherance of justice, and on such terms as may be proper, amend any pleading, process, or proceeding, by adding or striking out the name of any party, or by correcting a mistake in the name, or a mistake in any other respect, or by inserting other allega-

tions material to the case, or, when the amendment does not change substantially the claim or defense by conforming the pleading or proceeding to the facts proved." Under the foregoing section the justice had ample power to allow the amendment in question. The statute authorizes a pleading, process, or proceeding to be amended at any time by correcting a mistake in the name of a party.

In *Martin v. Coppock*, 4 Neb., 173, the summons was issued in the name of Isaac Coppock and served upon Martin. Afterwards the summons was amended by changing the name "Isaac" to "Isaiah," to conform to the pleading. It was held that the amendment related back to the time of service of the writ.

In *Reed v. Beardsley*, 6 Neb., 493, the action was brought against the members of a partnership, and on the trial it was discovered that the transaction was with one member of the firm in his individual capacity. The court allowed the filing of an amended petition, changing the title of the action. On error to this court the ruling was sustained.

*Haskins v. Citizens Bank*, 12 Neb., 39, was an action brought by a partnership before a justice of the peace. There was a variance in the title between the summons and bill of particulars. It was held that the justice was authorized to allow the bill of particulars to be amended so as to conform to the summons.

It is plain that every court has the power to permit any pleading, process, or proceeding to be amended, whenever justice will be thereby promoted; and in every case, before a court makes an order dismissing an action because the full Christian name of the plaintiff has not been written in the pleading or process, opportunity should first be given the party to correct the omission by amendment. As the defect in the case at bar was cured by amendment immediately upon the objection being made, the justice did not err in overruling the defendant's motion to dismiss.

Whether the justice erred in finding that the defendant

was indebted to the plaintiff in the sum of $2.50 could only be determined upon an examination of the evidence upon which the finding was based, and there is no bill of exceptions preserving the testimony. Besides, it is well settled in this state that a justice of the peace has no power to settle a bill of exceptions in a case tried before him without a jury. Therefore, in the case at bar, had the evidence been incorporated in a bill of exceptions, neither this court, nor the court below, could have reviewed the same for the purpose of ascertaining whether it supported the finding and judgment of the justice. (*Moline, Milburn & Stoddard Co. v. Curtis*, 38 Neb., 520, and cases there cited.) It will be presumed that there was ample testimony before the justice to sustain the judgment. Error is never presumed, but must appear affirmatively from an inspection of the record.

Lastly, it is claimed that the taxing of a portion of the costs against the defendant was error. Whether this is true or not we are unable to determine, since no motion to retax the costs was made before the justice. It has been often decided that before a judgment for costs will be reviewed by an appellate court, a motion to retax must be made in the trial court and a ruling obtained thereon by that court. (*Cozine v. Hatch*, 17 Neb., 694; *Whitall v. Cressman*, 18 Neb., 508; *Wilkinson v. Carter*, 22 Neb., 186.)

There being no reversible error in the proceedings in the justice court, the judgment of the district court is therefore reversed, and that of the justice of the peace is affirmed.

REVERSED.