IRVING L. DONALDSON v. H. C. FISHER.

FILED JANUARY 3, 1895.    No. 5432.

A justice of the peace in this state has no authority to settle a bill of exceptions by which it is sought to preserve the testimony used in the hearing upon a motion to discharge an attachment.

ERROR from the district court of Johnson county. Tried below before BABCOCK, J.

*Chamberlain Bros. & Rood,* for plaintiff in error.

*S. P. Davidson* and *J. Hall Hitchcock, contra.*

HARRISON, J.

The defendant in error commenced an action before M. E. Cowan, justice of the peace in Nemaha precinct, Johnson county, against plaintiff in error to recover the sum of $102.81, and also filed an affidavit in attachment. Summons and order of attachment were issued and duly served. Plaintiff in error appeared and filed a motion to dissolve the attachment, and affidavits in support of the motion. Affidavits were also filed by defendant in error in support of the attachment, one of which was attacked by plaintiff in error in a motion to strike it from the files. On hearing, the motion to strike the affidavit from the files was overruled and the case was then argued and submitted on the original motion to dissolve the attachment, and such motion was overruled, to which action the plaintiff in error excepted and secured a bill of exceptions to be settled by the justice of the peace, and presented the case by petition in error to the district court of Johnson county, where, on hearing, the decision of the justice of the peace was affirmed and the case has been brought to this court by petition in error.

In our view of this case we think that if the justice of the peace could not legally settle the bill of exceptions embodying the evidence examined by him on the hearing of the motion to dissolve the attachment, then the case is not properly here for our examination; and the rule established by this court is that the testimony used before a justice of the peace in this state, on the hearing of a motion to dissolve an attachment, cannot be preserved and presented to a higher court in proceedings in error, for the reason that the justice has no power by law to settle a bill of excep-

tions containing such testimony. (See *Moline, Milburn & Stoddard Co. v. Curtis*, 38 Neb., 520, and cases cited.) In the text of thè opinion in the main case just cited appears the following statement: "There is no room for doubt that it is the settled law of this state that a justice of the peace is not authorized to sign a bill of exceptions preserving the testimony on which he acted in sustaining or overruling a motion to dissolve an attachment." The bill of exceptions in this case was settled without authority of law and we cannot consider it, and the judgment of the district court is

AFFIRMED.