MICHIGAN STOVE COMPANY V. C. H. MILLER.

FILED JANUARY 4, 1895.   No. 5233.

Bill of Exceptions: ALLOWANCE BY COUNTY JUDGE: ATTACH·
MENT.   A county judge has no jurisdiction to settle a bill of ex-
ceptions preserving the evidence adduced on the hearing of a
motion to dissolve an attachment.   *Moline, Milburn & Stoddard
Co. v. Curtis,* 38 Neb., 520, and *Donaldson v. Fisher,* 43 Neb.,
260, followed.

ERROR from the district court of Buffalo county.   Tried
below before HOLCOMB, J.

*Dryden & Main,* for plaintiff in error, cited : *Taylor v.
Tilden,* 3 Neb., 339; *Kellogg v. Huntington,* 4 Neb., 96 ;
*Nickerson v. Needles,* 32 Neb., 240 ; *Hubbard v. Quisen-
berry,* 28 Mo. App., 20.

*R. A. Moore* and *Calkins & Pratt, contra,* cited : *Hilton v.
Ross,* 9 Neb., 406 ; Constitution, sec. 24, art. 1 ; Code,
secs. 908, 950, 988, 1085; *Osborne v. Canfield,* 33 Neb.,
330.

NORVAL, C. J.

This action was commenced in the county court by the
plaintiff in error on an account for goods sold and delivered
in the sum of $169, and on an accepted draft for $150.14.
An affidavit for an attachment was filed, alleging that the
defendant had disposed of his property with the intent to·
defraud his creditors.   An undertaking in attachment was
given, an order of attachment was issued, which was levied
upon certain property as belonging to the defendant, and
one A. G. Scott was garnished.   The defendant moved to
dissolve the attachment on the grounds that the affidavit
for attachment does not state facts sufficient to authorize
the issuance of an attachment, and that the statements con-
tained in said affidavit are untrue.   This motion was heard

upon affidavits and oral testimony, which motion was over-ruled, and a bill of exceptions embodying the testimony adduced upon said hearing was settled and allowed by the county judge.  Subsequently the cause was tried to the court.  A jury being waived, judgment was rendered in favor of the plaintiff, and an order for the sale of the at-tached property was issued.  The defendant prosecuted a petition in error to the district court, where the plaintiff filed a motion to strike the bill of exceptions from the files, for the reason that the county judge had no authority to sign the same, which motion was denied.  The order of the county court sustaining the attachment was reversed, and the attachment dissolved.

No claim is made in this court that the original affidavit for attachment was defective, or insufficient, or that the district court based its decision upon that ground.  On the contrary, it is conceded that the court below, in reach-ing the conclusion it did, decided and held that the state-ments contained in the attachment affidavit were untrue. The proposition, therefore, presented by the record for our consideration is whether the county judge exceeded his jurisdiction in signing the bill of exceptions in this case. Since the decision in the district court was pronounced, the precise question herein involved, after an extended review of the statutes and authorities bearing thereon, was passed upon in *Moline, Milburn & Stoddard Co. v. Curtis*, 38 Neb., 520.  It was there decided that a county judge is without authority to sign a bill of exceptions embodying the evidence used on the hearing of a motion to vacate an attachment. (*Real v. Honey*, 39 Neb., 516; *Hopkins v. Scott*, 38 Neb., 661; *Donaldson v. Fisher*, 43 Neb., 260.) No good reason has been advanced for overruling the doc-trine of these cases.  We would be better satisfied if the authority of county judges and justices of the peace to settle bills of exceptions was not so restricted by statute. The legislature will doubtless afford relief should its at-

tention be called to the subject. The decisions alluded to are decisive of this case. The district court erred in refusing to strike the bill of exceptions from the files, and in reversing the order of the county court overruling the motion to dissolve the attachment. The judgment of the court below is reversed, and the order of the county court sustaining the attachment is affirmed.

JUDGMENT ACCORDINGLY.