JOSEPH VLASEK v. WILLIAM WILSON.

FILED FEBRUARY 19, 1895.   No. 6038.

Justice of the Peace: BILL OF EXCEPTIONS: REVIEW. No ground of complaint in this case being disclosed independently of a bill of exceptions settled by a justice of the peace, the judgment rendered by said justice of the peace without the intervention of a jury will not be disturbed, since that magistrate had no power to settle such indispensable bill of exceptions. Following *Moline, Milburn & Stoddard Co. v. Curtis*, 38 Neb., 520, and other cases thereon predicated.

Error from the district court of Lancaster county. Tried below before Tuttle, J.

*Pound & Burr*, for plaintiff in error.

*Sawyer, Snell & Frost, contra.*

Ryan, C.

From a transcript it appears that the defendant in error began a suit before A. D. Borgelt, a justice of the peace of Lancaster county, to recover damages on account of the killing of some live stock by a dog owned by the plaintiff in error. A summons was issued June 21, 1892, and was delivered to E. Hunger, a constable, for service. This was returned served on Joseph Vlasek June 22, 1892. The return of this service was signed "T. A. Hayes, dept. constable." The sole contention of plaintiff in error is that this service did not confer jurisdiction, and that his motion to quash the return should have been sustained, because, as claimed, there was a showing that T. A. Hayes was deputized by the constable and not by the justice of the peace who issued the summons. In the transcript of the docket entries of the justice of the peace there is, as to this matter, nothing more than above stated, and it is clear that the facts claimed to exist are not made to appear thereby. We cannot resort to the alleged bill of exceptions for the data necessary to establish as facts the assertions in the brief of plaintiff in error as to the true history of the authorization of T. A. Hayes to act as deputy constable, for under the circumstances the justice of the peace had no power to settle a bill of exceptions. (*Moline, Milburn & Stoddard Co. v. Curtis*, 38 Neb., 520; *Hopkins v. Scott*, 38 Neb., 666; *Real v. Honey*, 39 Neb., 516.) We cannot, therefore, say that the justice of the peace improperly overruled the motion to quash the return of service and that the rendition of judgment by him was without jurisdiction. The judgment

of the district court affirming the judgment rendered by the justice of the peace is, in its turn

AFFIRMED.