DAVID E. SEDGWICK v. M. A. DURHAM ET AL.

FILED MAY 2, 1895. No. 6181.

1. **County Courts:** BILL OF EXCEPTIONS. The procedure in county courts in regard to bills of exceptions is governed by the law relating to justices of the peace.

2. **Bill of Exceptions.** The provisions of section 587a of the Code of Civil Procedure authorizing the certification of the original bill of exceptions are confined to proceedings in the supreme court reviewing judgments of district courts. The original bill of exceptions cannot be certified from a county court to the district court.

3. **Justice of the Peace:** COUNTY COURTS: EXCEPTIONS: TRANSCRIPTS FOR REVIEW. The manner of preserving exceptions in county courts and before justices of the peace is provided by sections 988 and 1056 of the Code. The exceptions must be entered upon the docket of the justice or county judge and be presented to the district court by a transcript of that docket.

ERROR from the district court of York county. Tried below before BATES, J.

*Sedgwick & Power,* for plaintiff in error.

*George B. France, contra.*

IRVINE, C.

Sedgwick recovered a judgment for $239.46, against the defendants in error, in the county court of York county, the case having been tried to a jury. Defendants prosecuted error to the district court, where the judgment of the county court was reversed. From the order of reversal the plaintiff prosecutes error to this court.

There was attached to the transcript, as filed in the district court, a document purporting to be a bill of exceptions, embodying the evidence taken on the trial in the

county court. Before hearing in the district court a motion was made to quash this bill of exceptions because it was never made a part of the record; because no exceptions were entered on the docket of the county court; because the bill was not certified by the county judge to be a true bill, and because the bill had never been submitted to plaintiff's attorneys for examination. The district court overruled the motion to quash. This ruling is one of the errors here assigned. The transcript of the record attached to the petition in error filed in the district court discloses no exceptions whatever. The certificate to this transcript is "That the foregoing is a full and correct copy of my docket of all the proceedings had before me in said case, together with the original bill of exceptions." The bill of exceptions itself is not signed, sealed, or its allowance in anywise authenticated. It is well settled that county courts, even when acting within their special jurisdiction, are governed as to procedure, except where otherwise specified, by the laws regulating procedure before justices of the peace, and that the law in regard to bills of exceptions in cases tried before justices of the peace applies to county courts. (*Taylor v. Tilden*, 3 Neb., 339; *Moline, Milburn & Stoddard Co. v. Curtis*, 38 Neb., 520.) The provisions of section 311 of the Code of Civil Procedure do not apply to justices of the peace. (*Leach v. Sutphen*, 11 Neb., 527.) There is, therefore, no requirement that the bill of exceptions in a case tried in the county court, or before a justice of the peace, be submitted to the adverse party before its allowance. The last ground for quashing the bill was, therefore, not well taken. The bill should, however, have been quashed for other reasons. There is no authority for certifying the original bill of exceptions in such a case. Such a course is only permitted in any case because of section 587a of the Code of Civil Procedure, which permits the original bill of exceptions to be certified up from the district court to the supreme court. The statute expressly

confines the practice to such a case. The provisions in regard to bills of exceptions before justices of the peace, and consequently county courts, are found in section 988 and 1086 of the Code of Civil Procedure. By section 988, in all cases tried by a jury either party shall have the right to except to the opinion of the justice upon any question of law arising during the trial of the cause; and when either party shall allege such exception, it shall be the duty of the justice to sign and seal a bill containing such exception, if truly alleged, with the point decided, so that the same may be made a part of the record in the cause. By section 1086 it is made the duty of the justice to enter these exceptions on his docket; and by section 1087 he may enter the exceptions after the trial, unless required to enter them at the time by one of the parties. The exceptions thus become a part of the record, and the transcript thereof filed in the district court with the petition in error preserves the exceptions for review in the district court. No exceptions were in this case entered upon the docket, and it does not even appear from the docket that any exceptions were taken. The document filed in the district court was, therefore, neither in form nor substance a bill of exceptions such as the law permits in such a case, and the district court erred in overruling the motion to quash. Similar questions seem to have been raised in the case of *Hawley v. Robeson*, 14 Neb., 435; but the court then refused to consider them, because they had not been raised in the district court. Here the questions were properly raised in the district court. A recent act of the legislature may affect the questions herein discussed, but as that act has not yet gone into operation, it does not affect this case, and no opinion is expressed as to its construction.

All the errors assigned in the district court relating to matters occurring on the trial are disclosed only by the bill of exceptions. As the district court should not have considered this bill, it follows that it should not have reversed

the judgment of the county court.   The judgment of the district court is reversed and that of the county court affirmed.

JUDGMENT ACCORDINGLY.