M. ALTSCHULER V. SNYDER & BREWER.

FILED JUNE 16, 1896. No. 6715.

1. Bill of Exceptions: ALLOWANCE BY COUNTY JUDGE: ATTACHMENT. Prior to the act of 1895 (Session Laws, ch. 72) a county judge had no authority to allow a bill of exceptions embodying the evidence on a motion to discharge an attachment. *Moline, Milburn & Stoddard Co. v. Curtis*, 38 Neb., 520, followed.

2. ———: ———. The clause of the act of 1895, whereby it is made to apply to all cases then pending, cannot be so construed as to cure error in a judgment rendered prior to its passage, such judgment being based on a consideration of a bill of exceptions unauthorized when the judgment was rendered.

ERROR from the district court of Red Willow county. Tried below before WELTY, J.

*W. S. Morlan* and *A. F. Moore*, for plaintiff in error.

*Smith & McCreary, contra.*

IRVINE, C.

Snyder & Brewer brought an action against Altschuler before a justice of the peace. A writ of attachment was issued and levied upon property of Altschuler. By stipulation the cause was transferred to the county court, where a motion of Altschuler to discharge the attachment was sustained. From the order discharging the attachment error was prosecuted to the district court. The district court reversed the order of the county court discharging the attachment, made an order reinstating the attachment, and directed the sale of the attached property. From this order Altschuler prosecutes error to this court.

It appears from the record certified to the district court from the county court that the county court discharged the attachment on the consideration of evidence adduced on the hearing of the motion to discharge. There is in the record what purports to be a bill of exceptions em-

bodying such evidence. The only assignment of error in the petition in error in the district court was that the county court erred in discharging the attachment. The county court did not err if the evidence was not insufficient to support its finding that there was no ground of attachment. In order to review the action of the county court the district court must have considered the evidence as presented to it by this so-called "bill of exceptions." That it did so is apparent from the fact that it overruled a motion to quash the bill. Prior to the act of 1895 (Session Laws, ch. 72) a justice of the peace or county judge was without authority to settle a bill of exceptions embodying the evidence on such a motion. (*Moline, Milburn & Stoddard Co. v. Curtis*, 38 Neb., 520.) The judgment of the district court which we are now reviewing, as well as the judgment of the county court which it reversed, was prior to the passage of that act.

It is argued that *Moline, Milburn & Stoddard Co. v. Curtis*, *supra*, and prior cases were not cases where the attachment had been dissolved, and that where an attachment has been dissolved section 236e of the Code of Civil Procedure permits a bill of exceptions. The section referred to does not, however, relate to procedure, or confer any authority to settle a bill of exceptions. It merely provides a method whereby an order discharging an attachment may be superseded pending a review on error. It does not confer the right to review, because that right already existed. Nor does it confer any right to a bill of exceptions. It relates solely to the preservation of the attachment pending a review. This was clearly decided in *Moline, Milburn & Stoddard Co. v. Curtis, supra*. Counsel confuse the right to review on error with the right to a bill of exceptions. The latter is merely ancillary to the former, and the former does not imply the latter, as has been often decided.

It may be urged that the act of 1895 referred to is retroactive and renders effective bills of exceptions in fact allowed, but without authority, before its passage. It

is true that the act, after conferring authority in general terms to settle bills of exceptions, provides: "This act shall apply to all cases now pending or hereafter brought." The act, being remedial in its character, should receive a liberal construction; but it is impossible to construe it so liberally as to affect the present case. The question before the district court was whether the county court erred in discharging the attachment. The question before us is whether the district court erred in reversing the order of the county court. At the time the district court made its order there was no authority for a bill of exceptions in such a case; so that it unquestionably did err in refusing to quash the bill and in reversing the order of the county court on a consideration of an unauthorized bill. The judgment of the district court was erroneous when rendered, and it was beyond the power of the legislature to cure the error by subsequent enactment. If the act of 1895 validated this bill and cured the error in the district court's judgment, then it necessarily vitiated and rendered erroneous all orders and judgments rendered prior to its passage in accordance with the law existing at the time such orders or judgments were entered.

The judgment of the district court is reversed and the cause remanded with directions to affirm the judgment of the county court.

REVERSED AND REMANDED.

RAGAN, C., not sitting.