T. T. WEITZ v. WALTER A. WOOD REAPING & MOWING MACHINE COMPANY.

FILED OCTOBER 21, 1896. No. 6780.

1. **Review:** ERROR FROM COUNTY COURT: MOTION FOR NEW TRIAL. A motion for a new trial is not necessary to obtain a review of a decision of a district court reversing a cause brought to that court on error from a county court.

2. **Bill of Exceptions:** COUNTY JUDGE: ATTACHMENT. Prior to the taking effect of the act of the legislature of 1895 (Session Laws, ch. 72), a county judge had no authority to allow and sign a bill of exceptions preserving the testimony taken upon the hearing of a motion to dissolve an attachment.

3. ———: ———. The clause of the act of 1895, whereby it is made to apply to all cases then pending, cannot be so construed as to cure error in a judgment rendered prior to its passage, such judgment being based on a consideration of a bill of exceptions unautho.ized when the judgment was rendered. (*Altschuler v. Snyder*, 49 Neb., 22, followed.)

ERROR from the district court of Johnson county. Tried below before BUSH, J.

*J. Hall Hitchcock*, for plaintiff in error.

*T. Appelget* and *C. Rood, contra.*

NORVAL, J.

This action was instituted in the county court of Johnson county by the Walter A. Wood Reaping & Mowing Machine Company, a corporation, upon a promissory note executed by T. T. Weitz.  At the same time a writ of attachment was sued out, and certain chattels of the defendant were attached.  A motion was filed by Weitz to discharge the attachment upon two grounds: (1.) The facts stated in the attachment affidavit are insufficient to justify the issuing of the writ.  (2.) The affidavit is untrue.  This motion was heard on numerous affidavits filed in support thereof, and upon counter-affidavits presented by the plaintiff, and was sustained on May 6, 1893, and the attachment discharged.  Thereupon a judgment was rendered against the defendant for the amount due.  Plaintiff prosecuted a petition in error to the district court, where the action of the county judge in dissolving the order of attachment was reversed, and the attachment reinstated.  The defendant has brought the record to this court for review.

It is urged that the decision of the district court cannot be reviewed because no motion for a new trial was presented or filed.  This objection is without merit.  Such a motion is not necessary to obtain a review of the judgment of a district court affirming or reversing an order or judgment made by a county court or justice of the peace.  (*Newlove v. Woodward*, 9 Neb., 502; *Leach v. Sutphen*, 11 Neb., 527; *Claflin v. American Nat. Bank of Omaha*, 46 Neb., 884.)

The sufficiency of the original attachment affidavit is not now questioned, nor did the county court vacate the attachment because of any defect either in the form or substance of the affidavit upon which the writ was based.  The record shows that the attachment was dis-

charged on the consideration of the evidence adduced. The action of the county court in that regard could not be reviewed by the district court, for the reason that neither at the time the motion to dissolve was sustained nor when the order of reversal was rendered, did the county court possess any power or authority to sign a bill of exceptions preserving the evidence submitted on the hearing of such a motion. (*Moline, Milburn & Stoddard Co. v. Curtis*, 38 Neb., 520; *Real v. Honey*, 39 Neb., 516; *Donaldson v. Fisher*, 43 Neb., 260; *Donaldson v. Ellsworth*, 43 Neb., 262; *Michigan Stove Co. v. Miller*, 43 Neb., 332; *Altschuler v. Snyder*, 49 Neb., 22.)

The legislature of 1895 (Session Laws, ch. 72) confers authority upon county judges to settle and allow bills of exceptions in cases like the one before us, and the act provides that it "shall apply to all cases now pending or hereafter brought;" but this act does not render the bill of exceptions effective in this case, since the judgment of reversal was rendered prior to the passage of that act. IRVINE, C., in discussing the question in *Altschuler v. Snyder, supra*, uses this apposite language: "The act being remedial in its character should receive a liberal construction; but it is impossible to construe it so liberally as to affect the present case. The question before the district court was whether the county court erred in discharging the attachment. The question before us is whether the district court erred in reversing the order of the county court. At the time the district court made its order there was no authority for a bill of exceptions in such a case; so that it unquestionably did err in refusing to quash the bill and in reversing the order of the county court on a consideration of an unauthorized bill. The judgment of the district court was erroneous when rendered; and it was beyond the power of the legislature to cure the error by subsequent enactment." This decision is decisive of the case before us. The district court erred in considering the evidence submitted on the motion to discharge the attachment, and in reversing the

order of the county court sustaining the attachment. The judgment of the court below is reversed, and the cause remanded with directions to affirm the order of the county court.

REVERSED AND REMANDED.