### W. H. LOWE ET AL. V. GEORGE H. BISHOP.

FILED NOVEMBER 4, 1897.   No. 7556.

1. Bill of Exceptions: ALLOWANCE BY COUNTY JUDGE: REVIEW.   In 1894 a county judge had no jurisdiction to settle a bill of exceptions preserving the evidence adduced on the hearing of an objection to

the regularity of an appointment by a board of county commissioners of a person to act specially as a county judge.

2. ———: ———: APPOINTMENT OF COUNTY JUDGE: REVIEW. Where the sole question presented in the district court was the regularity of the appointment above indicated, the affirmance of the judgment of the county court by such district court must be approved in this court as being the only judgment which the district court could have rendered in view of the impossibility of perpetuating the evidence adduced in the county court upon the question therein presented.

ERROR from the district court of Madison county. Tried below before ROBINSON, J. *Affirmed.*

*Beels & Schoregge,* for plaintiffs in error.

*H. D. Kelly, contra.*

RYAN, C.

On a trial of this case in the county court of Madison county, George H. Bishop recovered judgment in the sum of $766.75 against W. H. Lane, Robert McKibbon, William Gerecke, and George N. Beals. The trial of this case was had in the county court before W. E. Reed, acting county judge, who had thereto been appointed by the board of county commissioners of said county. During the pendency of the action in the county court, and after issues had been duly joined, there were the following proceedings: "Now come the defendants, Robert McKibbon, W. Gerecke, and George N. Beals, and object to the jurisdiction of W. E. Reed, pretending to act as a court in the above entitled action, upon the ground that said W. E. Reed is not a court, nor properly or by any authority established as such." The objection was overruled, the defendants excepted, and on March 9, 1894, the above described judgment was rendered. By proceedings in error to the district court there was presented the same question that was raised by the above objection. This was decided adversely to the plaintiffs in error in that court, and the sole question discussed in this is the correctness of the ruling of the district court.

Whether or not W. E. Reed was regularly appointed to hear and determine the case in the county court depended upon the record of the board of county commissioners of Madison county relating to the appointment in question. The county court at that time had no power to settle a bill of exceptions. (*Moline v. Curtis*, 38 Neb., 520; *Real v. Honey*, 39 Neb., 516; *Michigan Stove Co. v. Miller*, 43 Neb., 332; *Sedgwick v. Durham*, 45 Neb., 86.) There could therefore be presented to the district court no competent proof of the evidence which had been introduced upon the hearing of the objection urged in the county court. The district court, for this reason, very properly affirmed the judgment of the county court, and in turn the judgment of the district court is by this court

AFFIRMED.