## MAX MEYER & BROTHER v. WILLIAM D. HIBLER.

FILED DECEMBER 9, 1897.　No. 7560.

1. Bill of Exceptions: JUSTICE OF THE PEACE. Prior to the act of 1895 (Session Laws, ch. 72) a justice of the peace had no authority to allow a bill of exceptions embodying the evidence on a motion objecting to the jurisdiction of the court over the person of the defendant.

2. Justice of the Peace: ATTACHMENT: SUMMONS: CONSTRUCTIVE SERVICE. In an action for the recovery of money in a justice court, where the defendant has absconded with the intent to defraud creditors, if service of summons cannot be had within the county, and property of the defendant has been seized in attachment, constructive service of process may be had and jurisdiction acquired under the provision of section 932 of the Code of Civil Procedure.

ERROR from the district court of Antelope county. Tried below before ROBINSON, J. *Affirmed.*

*M. B. Putney,* for plaintiff in error.

*J. F. Boyd, contra.*

NORVAL, J.

This suit was brought by William D. Hibler against Max Meyer & Bro., a partnership, before a justice of the peace to recover the sum of $122 alleged to be due for commissions on goods sold by plaintiff for defendant. An affidavit for attachment, in the usual form, was filed alleging, as grounds for the writ, that the defendant is about to remove its property, or a part thereof, out of the county with intent to defraud its creditors, and has absconded with the same fraudulent intent. Another affidavit was likewise filed by the plaintiff alleging that the firm of Ray & Ray has property of, and is indebted to, the defendant. At the same time a summons, order of attachment, and garnishee summons were issued, all made returnable on February 7, 1893, and delivered to a constable for service, who returned the same with the indorsement that the said Max Meyer & Bro. "not found in the county;" further, that the order of attachment and summons in garnishment were personally served upon Ray & Ray. On the return day garnishee appeared and answered under oath that the firm of Ray & Ray had in its hands $108 belonging to defendant. Thereupon the justice continued the cause until April 7, 1893, at 10 o'clock A. M., for the purpose of obtaining service by publication, and on that day due proof of notice by publication under the provisions of the statute was filed with the justice. At the hour fixed for trial the defendant appeared specially and filed a motion challenging the jurisdiction of the court over the person and property of defendant on the following grounds: (1) Defendant has not been served with a copy of the summons, and has not waived service thereof; (2) defendant has not entered a voluntary appearance in the cause; (3) defendant is a resident of the state, residing and doing business in the city of Omaha, in Douglas county. This motion was overruled by the justice, an exception was noted to the ruling, and judgment was entered for Hibler, and the

garnishee was ordered to pay the $108 into court. Max Meyer & Bro. prosecuted error to the district court, wherein the proceedings before the justice were affirmed, and the cause is brought here to obtain a reversal of the judgment of the district court.

It was urged, in argument, that the justice of the peace did not acquire jurisdiction over the firm of Max Meyer & Bro., since it was a resident of Douglas county, and this suit should have been commenced in that county. Whether this action was brought in the proper county or not we are unable to determine, for the reason the record does not disclose the residence of the defendant partnership or that of the members thereof. The transcript of the justice shows that the objections to the jurisdiction were heard and determined upon affidavits, but those affidavits are not available here, as they are not a part of the record, and could not, under the law in force at the time of the trial, have been preserved by a bill of exceptions. (*Moline, Milburn & Stoddard Co. v. Curtis*, 38 Neb., 520; *Valsek v. Wilson*, 44 Neb., 10; *Real v. Honey*, 39 Neb., 516.) This court cannot take judicial notice of the residence of Max Meyer & Bro.

The only other question presented for our consideration is whether the justice acquired jurisdiction by the published notice. Section 77 of the Code of Civil Procedure provides that "service may be made by publication in either of the following cases: * * * Third—In actions brought against a nonresident of this state, or a foreign corporation, having in this state property or debts owing to them, sought to be taken by any of the provisional remedies, or to be appropriated in any way. * * * Fifth—In all actions where the defendant being a resident of the state has departed therefrom or from the county of his residence, with intent to delay or defraud his creditors or to avoid the service of a summons, or keeps himself concealed therein with the like intent." Section 932 of said Code, relating to constructive service on defendant by publication in actions

brought before a justice of the peace, declares that "if the order of attachment is made to accompany the summons, a copy thereof, and the summons, shall be served upon the defendant in the usual manner for the service of a summons, if the same can be done within the county; and when any property of the defendant has been taken under the order of attachment, and it shall appear that the summons issued on the action has not been and cannot be served on the defendant in the county, in the manner prescribed by law, the justice of the peace shall continue the cause for a period not less than forty days, nor more than sixty days, whereupon the plaintiff shall proceed for three consecutive weeks to publish, in some newspaper printed in the county, or if none be printed therein, then in some newspaper of general circulation in the said county, a notice, stating the names of the parties, the time when, by what justice of the peace, and for what sum said order was issued, and shall make proof of such publication to the justice; and thereupon said action shall be proceeded with, the same as if summons had been duly served." It will be observed that said section 77 of the Code has authorized service of process by publication in certain enumerated instances, among others, when the defendant has left the county of his residence with the intent to delay or defraud his creditors. There is as much right to make substituted service of summons in such a case as there is when the action falls within the third subdivision of the section, which empowers service by publication in certain causes where the defendant is a nonresident of the state or is a foreign corporation. The affidavit upon which this writ of attachment was issued avers that the defendant has absconded from the county of its residence with the intent of defrauding creditors. Property of the defendant was seized by virtue of the attachment and garnishee summons, and it is disclosed that not one of the processes issued in the action has been or can be served upon the defendant in the county. In the light of the facts disclosed in the

record, constructive service on the defendant below by publication was proper and jurisdiction was acquired under the provisions of the sections of the Code copied above. The identical question was decided in the same way in *Smith v. Johnson*, 43 Neb., 754. (See *Halliday Hay Co. v. Cline*, 9 O. C. C., 280.) The judgment is

.                                              AFFIRMED.