SAMUEL ZEIGLER ET AL. V. M. G. SONNER ET AL.

FILED MARCH 17, 1904.   No. 13,311.

1. **Jurisdiction:** AFFIDAVITS: BILL OF EXCEPTIONS. The affidavits upon which a justice of the peace decides an objection to his jurisdiction over the person of the defendant can not, on error to the district court, be reviewed, unless incorporated in a bill of exceptions duly settled, signed and allowed by the justice, in conformity with the provisions of section 311 of the code, as amended by chapter 72, laws 1895.

2. **Review:** AFFIRMANCE. Upon error from a judgment of a justice of the peace to the district court, if error does not affirmatively appear in the proceedings had before the justice, the judgment of the justice should be affirmed.

ERROR to the district court for Dodge county: JAMES A. GRIMISON, JUDGE. *Judgment of district court reversed. Judgment of justice court affirmed.*

*C. E. Abbott,* for plaintiffs in error.

*McNish & Graham* and *J. H. Brown, contra.*

KIRKPATRICK, C.

This action was commenced by Samuel Zeigler and George Zeigler, partners doing business as the Forest City Nursery Company, in a justice court of the county of Dodge, against M. G. Sonner and William L. E. Green, asking judgment in the sum of $180 for damages for the breach of a contract for the purchase of nursery stock. Service was had upon Green in Dodge county, and an alias summons issued to the sheriff of Wayne county, who made return that he had served the writ upon Sonner in that county. Sonner appeared and objected specially to the jurisdiction of the justice over his person on the ground that Green was only a nominal defendant, having no real interest adverse to that of plaintiffs. He supported his objection by an affidavit setting up that Green was the agent of plaintiffs in the sale of their stock, that Green had procured Sonner to enter into the alleged contract for the purchase of the nursery stock, and that he was interested in the contract to the extent of his agent's commission, and that if Green was a signer upon the contract sued on as surety, he was made such without the knowledge or consent of affiant. Counter affidavits by plaintiffs and Green were made denying these alleged facts. Upon the issue thus joined the justice found that Green was a *bona fide* defendant, and that, accordingly, he had jurisdiction over the person of defendant Sonner.

Thereupon Sonner filed an answer, pleading the facts already set out in his affidavit, alleging that he did not waive the question of the jurisdiction of the justice over his person, denying generally all the allegations in plaintiffs' petition, alleging that the contract sued on was without consideration, and denied that he executed the contract sued on for nursery stock in the sum of $180, and that if plaintiff held such contract, it had been forged or altered by persons unknown to him. Plaintiffs filed a reply denying generally.

It appears that the trial was had on the date of filing

the answer and reply, the justice docket reciting that Sonner elected not to appear further. After hearing testimony, the justice entered judgment against Sonner as principal and Green as surety in the sum prayed for.

After the entry of this judgment, Sonner prosecuted error to the district court, alleging first, that the justice erred in overruling Sonner's special appearance; second, that the justice erred in assuming jurisdiction of the person of Sonner; third, that he erred in taking the cause under advisement from the 7th day of May until the 20th day of May, 1902; and fourth, that the justice erred in rendering judgment for plaintiffs and against Sonner. Upon a hearing in the district court the judgment of the justice was reversed, costs of error proceedings were taxed against plaintiffs, defendants in error therein, and the cause retained for trial and final judgment in the district court. From this judgment this proceeding in error is prosecuted by the Zeiglers, who complain of this judgment of reversal, contending that the judgment of the district court should have been one of affirmance.

It is not very clear upon what ground the district court reversed the judgment of the justice of the peace, but it is quite likely that it was because the court believed the special appearance of Sonner should have been sustained, as it is clear that there was no other ground upon which error could have been predicated. It is obvious that the district court could not pass upon the question of fact raised by the special appearance of Sonner, as that question was decided by the justice upon affidavits which had not been incorporated in a bill of exceptions and taken to the district court. Prior to 1895, bills of exceptions from the justice court to the district court in cases not tried to a jury were not provided for in the code. This omission in the statute was recognized by this court. *Moline, Milburn & Stoddard Co. v. Curtis*, 38 Neb. 520; *Meyer & Brothers v. Hibler*, 52 Neb. 823. By amendment to section 311 of the code, laws of 1895, chapter 72, the following provision was added to that section:

"That any person or officer, or the presiding officer of any board or tribunal before whom any proceeding may be had, shall, on request of any party thereto, settle, sign, and allow a bill of exceptions of all the evidence offered or given on the hearing of such proceeding."

There can be no doubt that the intent of the legislature in the enactment of the amendment just quoted was to supply a deficiency in the statute, and to provide for the preservation by bills of exceptions of the evidence heard by tribunals inferior to the district court in all cases whether tried before a jury or not. This court is equally powerless to review the evidence upon which the justice determined that he had jurisdiction of the person of the defendant Sonner, and it must now be assumed that that question was correctly determined by the justice in the first instance.

After the filing of his answer, it appears from the transcript of the docket of the justice that Sonner elected not to appear further, and a hearing was had, evidence adduced, and a judgment rendered in favor of plaintiffs. It can not be said that in this there is affirmative error warranting a judgment of reversal.

From the transcript it further appears that there was a hearing on the special appearance entered by Sonner May 7, 1902, and "by consent of parties case continued to May 20, 1902, 9 o'clock A. M." On May 20 Sonner's objections were overruled, and on the same day Sonner filed his answer and plaintiffs their reply, and judgment was entered. We mention this only in connection with the assignment in error to the district court, which, however, is not urged in briefs, "that the justice erred in taking the case under advisement on May 7, and not rendering judgment thereon within 4 days thereafter." It is manifest that this assignment under the record was not sustained.

Our examination of the record has failed to reveal, and counsel do not point out, error in the proceedings had before the justice. It follows that the judgment of reversal entered by the district court is erroneous; and it is there-

fore recommended that the same be reversed and the judgment of the justice affirmed.

DUFFIE and LETTON, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, the judgment of reversal of the district court is reversed, and the judgment of the justice is affirmed.

JUDGMENT ACCORDINGLY.